**Arthur Gene COFFEY, aka Joe Frank Coffey, Appellant**[1]

v.

**The STATE of Texas.**

**No. 1387–97.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 7, 1998.

27. *Ante* at 322.

28. 673 S.W.2d at 931.

29. *Id.* (emphasis added).

1. The information which charged appellant named him as "Joe Coffey" while the judgment

is styled The State of Texas vs. "Arthur Gene Coffey[.]" In various other instruments his name appears as "Arthur Gene Coffey, aka Joe Coffey." The court of appeals' opinion and judgment are each styled "Joe Frank Coffey" vs. the State of Texas.

Deborah Ellison Farris, Dallas, for appellant.

Anne B. Wetherholt, Assist. DA, Dallas, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge, delivered the opinion of the Court in which BAIRD, MEYERS, MANSFIELD, and PRICE, Judges, joined.

Appellant was charged by information with possession of cocaine, alleged to have occurred on or about March 2, 1993. Later in March of 1993, appellant plead guilty to the offense of possession of less than 28 grams of cocaine, and the judgment reflects that he was sentenced, pursuant to a negotiated plea agreement, to five years confinement in the penitentiary and a fine of $750, probated for five years. In January of 1996, after a hearing on the State's motion to revoke and appellant's open plea of true to the allegations, the trial court revoked appellant's probation and orally assessed "punishment at five years confinement in the penitentiary." However, the written "Judgment Revoking Community Supervision" indicated that the sentence included a fine of $750. On appeal, the court of appeals affirmed the judgment, but reformed the sentence to delete the $750 fine. *Coffey v. State*, No. 05–96–00181–CR (Tex.App.—Dallas, delivered July 8, 1997). We granted the State's petition for discretionary review which disputes the court of appeals' action in deleting the fine.

## I. COURT OF APPEALS HOLDING

The court of appeals concluded that the $750 fine included in the written judgment was erroneous because neither the trial court's oral pronouncement of sentence at the end of the revocation hearing nor the docket sheet reflected such a fine. *Id.*, slip op. at 2. The court therefore reformed the judgment by deleting the fine.

## II. STATE'S CLAIM

The State's ground asserts that the court of appeals erred in reforming the judgment to delete the fine "because the initial judgment upon appellant's plea showed his confinement was probated but his fine was not." (emphasis in original) The State insists that the fine was never probated. It points out

that one of the conditions of the probation ordered appellant to pay $10 per month until the fine was paid, i.e. "until paid in full."

The State also notes that the judgment upon the revocation of probation, which shows five-years penitentiary time was assessed, also imposed the $750 fine, which was merely continuing the $750 fine which was assessed in the first judgment when the confinement portion of the sentence was suspended but the fine was not. The State insists that since the initial judgment and the judgment upon revocation conformed, i.e. appellant was sentenced to five years incarceration and a $750 fine in both, there was no omission or error in the final judgment and reformation was improper. It suggests that upon revocation of the probated penitentiary incarceration portion of the sentence, since the fine remained the same, the trial court's oral pronouncement only went to what was changed.

### III. ANALYSIS

The State seems to be asserting that since only the incarceration portion of the original sentence was probated, then only that portion of the sentence was subject to the revocation hearing; and that since the incarceration portion was the sole subject of the revocation hearing, then that was the only portion of the sentence that the trial judge was addressing when he orally pronounced the sentence after the revocation. Nevertheless, we must determine whether the trial court's oral pronouncement of a sentence controls over the written judgment.

We have held that the written findings of the court control over an oral announcement. *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Cr.App.1980); *Aguilar v. State*, 542 S.W.2d 871, 874 (Tex.Cr.App.1976); *Ablon v. State*, 537 S.W.2d 267, 269 (Tex.Cr.App.1976). These cases all involved written probation revocation orders based upon grounds which were inconsistent with the oral pronouncement of revocation. The basis for revocation stated in the written order controlled.

However, in *Mazloum v. State*, 772 S.W.2d 131 (Tex.Cr.App.1989), this Court allowed a written order revoking probation that recited an invalid ground for revocation to be re-formed to reflect a valid ground where the trial court orally made the specific valid finding. Thus in that situation, the written order, which did not mention the valid basis for revocation, did not control.

In the instant cause, the dispute is not over the findings on the allegations of probation violation or the basis of the revocation. The dispute is over the sentence assessed, i.e. whether $750 is or is not included in the sentence. But we must still determine whether the trial court's oral pronouncement of a sentence controls over the written judgment or vice versa.

Article 42.02, V.A.C.C.P., provides that the sentence is the part of the judgment, or order revoking a suspension of the imposition of sentence, "that orders that the punishment be carried into execution in the manner prescribed by law." Article 42.03, § 1(a), V.A.C.C.P., provides that the sentence shall be pronounced in the defendant's presence, except as provided in Article 42.14, V.A.C.C.P., which allows such to be done in the absence of the defendant in a misdemeanor case.

In *Rodarte v. State*, 860 S.W.2d 108, 109–10 (Tex.Cr.App.1993), we unanimously held that in appealing a judgment of conviction, the time for filing a notice of appeal begins to run "on the day sentence is imposed or suspended in open court" rather than when the written judgment/sentence is signed. We specifically noted that the written judgment is merely a record of events which have occurred in fact and is not itself the conviction, and it is not the signing of the judgment that constitutes the appealable event. *Id.* at 109, n. 1. Thus it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith.

█ We therefore hold that when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls. Since the time for appeal begins when the sentence is imposed or suspended in open court, then the imposed or suspended sentence is obviously the appealable event which can be challenged. Any subsequent devia-

tion from that sentence, i.e. either a decrease or increase, could not supersede what had already been imposed in open court.[2]

## IV. CONCLUSION

Having concluded that the oral pronouncement of sentence controls, we come to the State's claim that the $750 fine was actually imposed during the original plea proceeding which resulted in probation being granted. We agree.

█ The record does not contain a statement of facts (reporter's record) from the original plea proceeding. However, the transcript (clerk's record) does reflect that a fine of $750 was imposed pursuant to the plea agreement. The plea agreement, which was signed by appellant, his attorney, the prosecutor, and the trial judge, even included an additional provision that appellant was to receive credit for "b.t." (apparently referring to back time) towards fine and cc (apparently court costs). The findings, conclusions, and recommendations of the magistrate, which were adopted and ratified by the trial judge, included a recommendation that appellant be found guilty, assessed a fine of $750 with "Credit Back Time To Court Cost And Fine[,]" assessed imprisonment in the Department of Correction for five years, and that probation be granted for a period of five years. The formal written judgment on negotiated plea of guilty indicates that the terms of the negotiated plea were: "5 YRS PENITENTIARY 5 YRS PROB $750 FINE[.]" That written judgment also indicates that the fine was not probated, i.e. "FINE PROBATED: NO[.]" The order detailing the conditions of probation includes a provision that appellant pay court cost and a fine, specifying the court cost amount and "FINE $750.00[,]" payable through the probation officer of the court at $10.00 per month until paid in full.

Thus all of the evidence in the record indicates that at the original plea proceeding appellant was assessed a $750 fine which was to be paid rather than probated. The record

contains a written instrument relating to an earlier 1995 revocation motion in this case, signed by appellant and his attorney and the prosecutor, which indicates that appellant would plead true to the allegations in the motion, and those allegations included a claim that he did not pay his court cost and fine as directed and was delinquent thereon. Appellant signed a plea of true and stipulation of evidence likewise confirming such allegations, but it appears that the probation continued without revocation at that time.

At the hearing which resulted in the revocation, the trial court initially stated that it had accepted appellant's plea, found him guilty, and sentenced him to five years confinement in the penitentiary and suspended imposition of that sentence and placed him on probation for five years and a fine of $750 subject to the terms and conditions of probation. Appellant agreed with that statement. Appellant testified at that hearing, and when asked about not reporting and "the payment of fines," he responded that he could not work and had no way of paying.

All of the record evidence demonstrates that a $750 fine was imposed when punishment was assessed at the original plea proceeding. Therefore, such fine was appropriately included in the judgment revoking probation. Accordingly, we sustain the State's ground for review, reinstate the trial court's imposition of the $750 fine, and affirm the trial court's judgment.

KELLER, J., filed a concurring opinion in which McCORMICK, P.J., and HOLLAND and WOMACK, JJ., joined.

KELLER, Judge, concurring.

I join part IV only of the majority opinion. Because the fine was never probated, it was appropriately included in the trial court's judgment revoking probation. I do not join Parts I through III because they are unnecessary to the disposition of this case. Whether the oral or written judgment revoking probation controls is of no consequence to

---

2. We do note that upon revocation of probation (community supervision), Article 42.12, § 23(a) allows for the reduction of the term of confinement originally assessed, but to not less than the minimum prescribed for the offense of conviction. It makes no provision for reducing the fine assessed.

whether the fine was properly included in the judgment because the fine had never been probated. This fact becomes obvious when the majority opinion concludes that the oral pronouncement, which did not include the fine, controls but then decides that the fine is included anyway because it had never been probated. That the fine was never probated is the State's only contention in its petition for discretionary review before this Court. The State makes no argument whatsoever concerning whether the oral pronouncement controls over the written judgment or vice versa. The "oral pronouncement versus written judgment" issue was not raised and has no bearing on the disposition of this case. That makes parts I through III of the majority opinion pure *dicta*. Hence, I can only join part IV.

McCORMICK, P.J., HOLLAND, and WOMACK, JJ., join.