# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**444444444444444**
**NO. 03-03-00345-CR**
**444444444444444**

**Thomas Enriquez, Appellant**

**v.**

**The State of Texas, Appellee**

**4444444444444444444444444444444444444444444444444444444444444444**
**FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY**
**NO. 631,480, HONORABLE MIKE DENTON, JUDGE PRESIDING**
**4444444444444444444444444444444444444444444444444444444444444444**

## M E M O R A N D U M   O P I N I O N

After a non-jury trial, the trial court found Thomas Enriquez guilty of misdemeanor assault with family violence. *See* Tex. Pen. Code Ann. § 22.01 (West Supp. 2004). The court assessed punishment at 180 days in jail.[1] Enriquez contends on appeal that the evidence was insufficient to support his conviction. We will affirm the judgment.

---

[1] Although the written judgment states the sentence as 60 days, the court orally pronounced sentence at 180 days. In case of such a conflict, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The court also orally credited Enriquez with sufficient time served to complete the sentence orally pronounced.

## BACKGROUND

Ronaldo Martinez testified that he called the police after noticing Juanita Vasquez lying on a second-floor stair landing at an apartment complex. He initially testified that his attention was attracted to the scene by a loud boom (presumably, Vasquez falling), but he later testified that he saw Vasquez before she fell down the stairs. Martinez said that he saw Vasquez running on the third floor balcony and that appellant pushed her with his foot, causing her to fall down the stairs to the second floor. He said that at first she did not move or respond to his questions. While Martinez was attempting to ascertain Vasquez's condition, appellant came out and started yelling at him and his cousin to mind their own business and casting aspersions on their immigration status. When Martinez's cousin asked appellant what the problem was, appellant retrieved knives from his apartment. Vasquez eventually stood up and began to cry.

On cross-examination, Martinez reiterated the apparently conflicting versions. When confronted with the conflict, Martinez had no response as shown by the following colloquy:

> Q. But you just got through saying that you didn't even notice them until you heard a thump and you looked up—
>
> A. I know.
>
> Q. —and she was on—on the floor?
>
> A. Uh-huh.
>
> Q. So either that was the first time you noticed or that wasn't the first time you noticed?
>
> A. (No response.)

Q. You don't recall.

A. Huh-uh.

On redirect examination, Martinez stated that he was really nervous in the courtroom. He then said that, on the night of the incident, he heard someone running upstairs, then saw appellant push Vasquez "and that's what happened."

Austin Police Officer Christopher Michael Frierson testified that he responded to the scene. He testified that, as he and his fellow officers were climbing the stairs to appellant's apartment, appellant made eye contact with them and then went into his apartment. Appellant then did not respond to their knocks on the door. Vasquez, however, opened the door. The officers said they found appellant standing, dripping wet, wearing a towel. Appellant gave them several different names over the course of an hour's interrogation. (Appellant testified at the punishment phase that he avoided giving police his name because he was on deferred adjudication probation in another county, but had ceased reporting to his probation officer.) Frierson testified that Vasquez had two scratches on her face that were apparently caused by fingernails. The court admitted two photographs showing Vasquez's injuries. Frierson testified that appellant admitted that Vasquez was his girlfriend and that they had argued over her seeing another man. Appellant did not mention a physical altercation, but told Frierson that Vasquez's injuries probably occurred in a recent car accident. Vasquez told Frierson that she suffered the injuries when she fell down the stairs after tripping; she denied that appellant tripped or pushed her. Frierson testified that Vasquez's facial injuries were consistent with a car wreck, a fall down stairs, or fingernail scratches, but were most consistent with fingernail scratches.

3

Vasquez testified that she argued with appellant, her boyfriend who was living with her, about her alleged infidelity, but denied that he caused her to fall down the stairs. She said she was rushing down the stairs to go to a store to call a friend, but tripped and slid down the stairs on her rear end. She did not recall having scratches on her face, but said she probably suffered the scratches during the fall, incidentally rubbing her face along the wooden stairwell as she tried to regain her balance. She denied that appellant scratched her. She acknowledged having been in a car wreck within a couple of weeks before this incident, and said she was scratched by glass in that event.

## DISCUSSION

Enriquez contends that the evidence was insufficient to support his conviction because the testimony of the State's only occurrence witness was internally inconsistent. Enriquez does not specify whether he challenges the legal sufficiency or the factual sufficiency of the evidence to support the judgment, but his cited authority indicates that he is pursuing a legal sufficiency challenge.

We will set out both standards of review. A legal sufficiency review calls upon the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light, favoring neither party. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We can set aside the verdict for factual insufficiency only if the verdict is so contrary to the overwhelming weight of the evidence

4

as to be clearly wrong and unjust, or if the evidence in support of the existence of a vital fact, standing alone, is factually too weak to support it. *Goodman v. State*, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).

The trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001). Appellate courts are not free to reweigh the evidence and set aside a jury verdict merely because the reviewing judges feel that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135. A factual sufficiency review must employ appropriate deference to the fact finder's role as the sole judge of the weight and credibility to be given to witness testimony. *Johnson*, 23 S.W.3d at 7.

The evidence is legally sufficient to support the judgment. The offense of assault requires a showing that the defendant intentionally, knowingly, or recklessly caused bodily injury to another. Tex. Pen. Code Ann. § 22.01(a). The level of offense rises from a Class A misdemeanor to a third-degree felony if the victim is a member of the defendant's family or household and the defendant has a previous conviction for assault against a member of the defendant's family or household. *See id*. §22.01(b)(2). A household is persons who live in the same dwelling, regardless of whether they are related to each other. *Id*. § 22.01(e)(2); Tex. Fam. Code Ann. 71.005 (West 2002). Viewing the record most favorably to the verdict, we conclude that Martinez's testimony supplies sufficient evidence to satisfy the elements of the offense. He testified that he saw appellant push Vasquez with his foot, causing her to fall down the stairs and sustain injuries. A rational fact-finder could have credited this testimony to the exclusion of other evidence.

5

Viewed neutrally, the record contains factually sufficient evidence to support the judgment. This review also turns on a credibility determination. The trial court concluded that Martinez's testimony was more credible, despite the internal inconsistency on the critical issue of whether he saw appellant push Vasquez or whether the sound of Vasquez's fall first attracted his attention. The court could rationally have concluded that Martinez's professed nervousness explained the inconsistency, and found his testimony more credible than the testimony of Vasquez, appellant's girlfriend. The record does not provide us grounds to reject that credibility determination. With that credibility determination made, the record contains sufficient evidence to satisfy the elements of the offense charged.

## CONCLUSION

Finding legally and factually sufficient evidence, we affirm the judgment.

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: January 29, 2004

Do Not Publish

6