COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




WALTER CRAWFORD,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00200-CR

Appeal from the

243rd Judicial District Court

of El Paso County, Texas 

(TC# 20040D02322) 





O P I N I O N

            Appellant Walter Crawford appeals his conviction for burglary of a habitation. Following
a negotiated plea bargain agreement, the trial court deferred adjudicating Appellant’s guilt and
placed him on 6 years’ community supervision. Subsequently, the State filed a motion to
adjudicate guilt. At the revocation hearing, the State abandoned its allegation that Appellant
violated condition “a” and presented evidence on its second and third allegations, which the trial
court found to be true. The trial court adjudicated Appellant’s guilt and assessed punishment at
12 years’ imprisonment. Because the trial court’s written judgment adjudicating guilt states that
it found the allegations that Appellant violated conditions “(a),” “(b),” and “(k)” of his probation
to be true, in Appellant’s sole issue, he argues that the written judgment should be reformed to
delete the findings regarding allegation “3(a)” or “(a).” We affirm the trial court’s judgment as
modified.
            On May 4, 2004, Appellant was indicted for the offense of burglary of a habitation. On
June 14, 2004, Appellant pled guilty to the offense and was placed on deferred adjudication for
six years. On February 10, 2005, the State filed a motion to adjudicate guilt, alleging that
Appellant violated the terms and conditions of his probation. The State filed its first amended
motion to adjudicate guilt on March 3. At the revocation hearing, the State abandoned condition
“(a),” the allegation contained in its motion pertaining to new offenses, specifically the alleged
offense of assault/family violence and sexual assault, under “3(a).” Appellant stipulated to his
identity and to the conditions of probation. Through the testimony of Appellant’s probation
officer and El Paso police officers, the State presented evidence that Appellant violated condition
“(b)” by consuming an alcoholic beverage and violated condition “(k)” by failing to participate in
250 hours of community service. After the State rested, the trial court found the State’s
allegations in paragraph 3(b) and 3(k) to be true. At the conclusion of the punishment hearing,
the trial court revoked probation, entered an adjudication of guilt, and sentenced Appellant to
twelve years’ imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.
REFORM WRITTEN JUDGMENT
            In his sole issue, Appellant contends the trial court erred by finding that Appellant
violated condition “(a)” of the terms and conditions of his probation where the State abandoned
that ground at the hearing on its motion to adjudicate guilt. In effect, Appellant’s complaint is
that the trial court’s written judgment does not correctly reflect which terms and conditions of his
probation the trial court found he had violated. Appellant is not challenging the trial court’s
determination to proceed to an adjudication of guilt. See Olowosuko v. State, 826 S.W.2d 940,
942 (Tex.Crim.App. 1992)(no appeal from determination to proceed to adjudication of guilt). 
Instead, Appellant requests that this Court modify the judgment to delete the trial court’s finding
that he violated condition “a,” under the State’s allegation “3(a)” in the trial court’s judgment
adjudicating guilt. The State agrees that the written judgment contains this error and suggests we
reform the judgment.
            If there is a variation between the oral pronouncement and written memorialization of the
sentence, the oral pronouncement controls. See Coffey v. State, 979 S.W.2d 326, 328
(Tex.Crim.App. 1998). Here the record shows that the State abandoned its allegation that
Appellant violated condition “(a)” of the terms and conditions of his probation and proceeded to
introduce evidence in support of its remaining allegations. The trial court orally found those
remaining allegations concerning conditions “(b)” and “(k)” to be true. The trial court’s written
judgment, however, reflects that Appellant violated conditions “(a),” “(b),” and “(k).” This
Court has the power to modify incorrect judgments when we have the necessary data and
information to do so. See Tex.R.App.P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-8
(Tex.Crim.App. 1993); Asberry v. State, 813 S.W.2d 526, 529-30 (Tex.App.--Dallas 1991, pet.
ref’d). Accordingly, we sustain Appellant’s sole issue for review and modify the trial court’s
judgment to delete its notation that Appellant violated condition “(a)” as alleged in the State’s
motion.
            As modified, we affirm the trial court’s judgment.


February 15, 2007
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)