In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00230-CR
_____

KEVIN EARL KIRKLAND A/K/A KEVIN KIRKLIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-12197

**MEMORANDUM OPINION**

In carrying out a plea-bargain agreement, Kevin Earl Kirkland[1] pled guilty to third-degree felony family assault. *See* Tex. Penal Code Ann. § 22.01(b)(2)(B) (West 2011). Under the terms of the plea-bargain agreement, the trial court

_____

[1]Kevin Earl Kirkland is also referred to in the clerk's record as Kevin Kirklin, and the record reflects that the defendant signs his name as Kevin Kirklin. For purposes of this appeal, we will refer to the defendant as Kirkland, as shown on the indictment and final judgment.

1

deferred the adjudication of Kirkland's guilt and placed Kirkland on community supervision for a period of three years. Additionally, the deferred adjudication order includes a fine of $500.

Subsequently, the State filed a motion to revoke the trial court's community supervision order. After conducting a hearing, the trial court found Kirkland guilty of assaulting a family member and sentenced Kirkland to ten years' imprisonment; however, during the revocation and sentencing hearing, the trial court did not pronounce that it also intended to impose a fine. Nevertheless, the written judgment includes a fine in the amount of $500.

The three issues Kirkland raises in his appeal argue that the trial court should not have included a $500 fine in the final judgment because no fine was pronounced during Kirkland's revocation and sentencing hearing. The State concedes error.

Because no fine was pronounced at the revocation and sentencing hearing, the trial court should not have included the fine at issue in the final judgment. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls."). The trial court's failure to orally pronounce a fine during the revocation and sentencing

2

hearing creates a conflict between the oral pronouncement of Kirkland's sentence and the written judgment; in cases of deferred adjudication, the oral pronouncement controls. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004).

We sustain Kirkland's first issue; we modify the trial court's judgment, reducing "Administrative Fees" from $1,582.00 to $1,082.00. As modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on December 27, 2012
Opinion Delivered February 13, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

3