**AFFIRM as modified; Opinion issued February 27, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00796-CR
No. 05-12-00797-CR
No. 05-12-00798-CR
No. 05-12-00799-CR

**KEYION VONTRESS NARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-20502-M, F09-25177-M, F09-62443-M, F11-63312-M**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

Keyion Vontress Nard appeals from two unauthorized use of a motor vehicle convictions and two robbery convictions. In four issues, appellant contends the judgment in each case should be modified to correct several errors. We modify the trial court's judgments and affirm as modified.

In cause nos. 05-12-00796-CR, 05-12-00797-CR, and 05-12-00798-CR, appellant waived a jury and pleaded guilty to two UUMV offenses and one robbery offense. The trial court

deferred adjudicating guilt, placed appellant on community supervision for five years in each UUMV case and ten years in the robbery case, and assessed a $1500 fine in each UUMV case. The State later moved to adjudicate guilt, alleging appellant violated several conditions of his community supervision, including committing a new robbery offense (cause no. 05-12-00799-CR). Appellant pleaded guilty to the new robbery offense and pleaded true to the violations alleged in the motions to adjudicate guilt. The trial court found the allegations in the motions to adjudicate true and adjudicated appellant guilty. The court assessed punishment at confinement in a state jail for eighteen months for each UUMV and imprisonment for eighteen years for the robbery. The trial court also found appellant guilty of the new robbery offense and assessed punishment at imprisonment for eighteen years and a $7500 fine.

In his first three issues, appellant contends the judgments in the three adjudication cases should be modified to show the conditions of community supervision he was found to have violated. In his fourth issue, appellant contends the judgment in cause no. 05-12-00799-CR should be modified to reflect the correct name of the attorney representing the State during the proceedings. The State agrees the judgments should be modified as appellant has requested.

The record shows the trial court conducted a hearing based upon the State's amended motion to adjudicate. The amended motion in one case alleged appellant violated conditions (a), (j), (k), (n), and (q), and the amended motions in the other two cases alleged appellant violated conditions (a) and (q) only. The trial court found appellant violated all five of the conditions of community supervision. The judgments state the trial court found appellant violated the terms and conditions of community supervision as stated in the State's amended motion to adjudicate, but does not state the specific conditions. We sustain appellant's first three issues.

In cause no. 05-12-00799-CR, the record shows John Warren represented the State during the proceedings. The judgment, however, incorrectly recites Jenni Morse as the attorney for the State and that the trial court found appellant violated conditions of community supervision as set out in the State's amended motion to adjudicate. We also note that in cause no. 05-12-00799-CR, the record shows the trial court orally pronounced a $7500 fine when it imposed the eighteen-year sentence. The trial court's judgment, however, recites the fine as "$1500." When a conflict exists between the oral pronouncement and the written judgment, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). We sustain appellant's fourth issue.

In cause nos. 05-12-00796-CR, we modify the judgment adjudicating guilt to show the trial court found appellant violated conditions (a), (j), (k), (n), and (q) of community supervision.

In cause nos. 05-12-00797-CR and 05-12-00798-CR, we modify the judgments adjudicating guilt to show the trial court found appellant violated conditions (a) and (q) of community supervision. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.─Dallas 1991, pet. ref'd).

In cause no. 05-12-00799-CR, we modify the judgment to show the attorney for the state is John Warren, and the fine is $7500. *See Coffey*, 979 S.W.2d at 328.

As modified, we affirm the trial court's judgments.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
120796F.U05

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEYION VONTRESS NARD, Appellant

No. 05-12-00796-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-20502-M).
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.


Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "(5) While on community supervision" is modified to show "(5) While on community supervision, Defendant violated conditions (a), (j), (k), (n), and (q) of community supervision."


As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.


Judgment entered February 27, 2013.


/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEYION VONTRESS NARD, Appellant

No. 05-12-00797-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-25177-M).
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "(5) While on community supervision" is modified to show "(5) While on community supervision, Defendant violated conditions (a) and (q) of community supervision."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered February 27, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEYION VONTRESS NARD, Appellant

No. 05-12-00798-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-62443-M).
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "(5) While on community supervision" is modified to show "(5) While on community supervision, Defendant violated conditions (a) and (q) of community supervision."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered February 27, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEYION VONTRESS NARD, Appellant

No. 05-12-00799-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-63312-M).
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Attorney for State" is modified to show "John Warren."

The section entitled "Fine" is modified to show "$7500."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered February 27, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE