In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00549-CR
_____

ADRIAN MAURICE HAYWARD A/K/A ADRIAN MAURICE HAYWOOD,
Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-11181

_____

**MEMORANDUM OPINION**

In three issues, Adrian Maurice Hayward a/k/a Adrian Maurice Haywood appeals a final judgment that included a $500 fine, complaining the trial court failed to orally pronounce the fine as part of his sentence. Relying on *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004), Hayward argues that since the trial court failed to orally pronounce a fine, the fine should be deleted from the judgment. The State concedes error, and "recommends modification of the second

1

page of the Judgment Adjudicating Guilt deleting the five hundred ($500.00) fine notation."

The trial court pronounced Hayward's sentence after revoking his probation and then sentenced Hayward to twenty-five years in prison. The transcript from the sentencing portion of Hayward's hearing does not reflect the trial court pronounced a fine.

While the judgment reflects the trial court rendered a sentence of twenty-five years in prison, it is difficult to tell whether the trial court intended the judgment to include a fine. The judgment reflects that Hayward was assessed $1,131.00 in administrative fees and $619.00 in court costs. On the second page of the judgment, the judgment contains a section reciting what the trial court had ordered when it had previously placed Hayward on community supervision; in that part of the judgment, the judgment states that the "Court assessed a fine of $**500.00**[.]" Another section, which appears after the trial court recites that it was granting the State's motion to adjudicate guilt, states: "The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above."

The order stating the defendant is to pay a fine "indicated above" creates ambiguity regarding whether the trial court intended its final judgment to include a

2

fine; nevertheless, construing the language as having included a fine appears to be a proper construction of the judgment. It is also a construction that the State does not contest. Had the trial court intended to include a fine in its written judgment, the fine must also be orally pronounced during sentencing. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls."). Because the trial court did not orally pronounce a fine when it sentenced Hayward, the trial court erred by including a fine in the final written judgment. Therefore, the fine must be deleted from the judgment. *See Taylor*, 131 S.W.3d at 502.

We conclude that because the trial court failed to orally pronounce a fine at the sentencing hearing, the language in the written judgment stating that the defendant was required to pay "all fines" or stating that the defendant was required to pay "any remaining unpaid fines[]" should be deleted. We sustain Hayward's first issue; we amend the language on the second page of the written judgment ordering the defendant to pay "all fines," leaving the sentence to read: "The Court ORDERS Defendant to pay all court costs and restitution as indicated above." We also amend the language on the second page of the written judgment stating "Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any

3

remaining unpaid fines, court costs, and restitution as ordered by the Court above[]" to read: "Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining court costs and restitution as ordered by the Court above."

We need not reach Hayward's other issues because resolving them would not result in any greater relief. *See* Tex. R. App. P. 47.1. As modified, the trial court's judgment is affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on August 30, 2013
Opinion Delivered September 25, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.

4