**Order entered October 24, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00488-CR
No. 05-13-00489-CR
No. 05-13-00490-CR
No. 05-13-00505-CR

**LUIS ALFREDO JUAREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-35332-I, F11-35928-I, F11-35929-I, F11-35930-I**

## ORDER

The Court **REINSTATES** the appeals.

On September 13, 2013, we ordered the trial court to make findings regarding why appellant's brief has not been filed. We **ADOPT** the trial court's findings that: (1) appellant desires to pursue the appeals; (2) appellant is not indigent and is represented by retained counsel Christian Souza; and (3) Mr. Souza has not abandoned the appeal.

On October 14, 2013, while the appeals were abated, appellant filed a motion to abate the appeals regarding the record. In this motion, appellant asserts there is a discrepancy regarding whether the trial court intended to sentence appellant to imprisonment for five years or ten years

in trial court no. F11-35930-I and whether the trial court intended to order the sentence for trial court no. F11-35930-I to run consecutively to the sentence in trial court no. F11-35929-I. Appellant asks that we order the trial court to conduct a hearing at which evidence is taken to determine the length of sentence that was imposed and whether the trial court intended to stack appellant's sentence in trial court no. F11-35930-I.

The reporter's record of the sentencing hearing reflects that the trial judge orally pronounced sentence for trial court no. F11-35930-I, the case in which appellant was convicted of engaging in organized criminal activity, at ten years' imprisonment. The trial court also orally pronounced that the sentence for trial court no. F11-35930-I would "commence when the other sentences have ceased to operate and run. In other words, I'm ordering that sentence under the law to run consecutively with — on top of the other case."

When there is a variation between the oral pronouncement of sentence and written memorialization of the sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). In trial court no. F11-35930-I, there is no variation between the oral pronouncement of oral pronouncement of the ten-year sentence or the written memorialization of that sentence, nor is there a variation between the oral pronouncement that the sentence would run consecutively to that of the other cases or the written memorialization of that pronouncement. Any issues appellant has as to the language of the cumulation order may be raised in his brief.

Accordingly, we **DENY** appellant's motion to abate the appeals.

We **ORDER** appellant to file his brief within **THIRTY DAYS** of the date of this order. If appellant's brief is not filed within the time specified, the Court will order the appeals submitted without briefs. *See* TEX. R. APP. P. 38.8(b)(4).

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to counsel for all parties.

/s/      LANA MYERS
               JUSTICE