**MODIFY and AFFIRM; and Opinion Filed April 24, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00429-CR

### NATISHA MORGAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 4
### Dallas County, Texas
### Trial Court Cause No. F12-71566-K

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

Natisha Morgan appeals the trial court's judgment revoking her community supervision. In a single issue, Morgan contends the trial court's judgment should be modified to delete the imposition of a $3,000 fine. The State agrees the fine should be deleted from the judgment. We modify the trial court's judgment revoking community supervision and affirm as modified.

Morgan waived a jury and pleaded guilty to arson of a habitation. *See* TEX. PENAL CODE ANN. § 28.02(a)(2) (West 2011). The trial court found Morgan guilty and assessed punishment at ten years' imprisonment, probated for ten years. Although the plea agreement provided for a $3,000 fine, when pronouncing the sentence, the trial court did not orally pronounce a fine. The

State later moved to revoke Morgan's community supervision, alleging she violated a condition of her community supervision. Following a hearing at which Morgan pleaded true to the allegation, the trial court revoked Morgan's community supervision and assessed punishment of five years' imprisonment. No fine was pronounced at that time. The trial court's judgment revoking community supervision, however, includes a $3,000 fine.

Where there is a conflict between the oral pronouncement of the sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). Because the $3,000 fine was never orally pronounced, it is not properly included in the trial court's judgment. We sustain Morgan's sole issue. We modify the judgment revoking community supervision to delete the fine. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment revoking community supervision.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140429F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATISHA MORGAN, Appellant

No. 05-14-00429-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F12-71566-K).
Opinion delivered by Justice Fillmore,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.

Judgment entered April 24, 2015.