# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00054-CR

**Mechelle Lynn Ellis-Henry, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
### NO. 41955, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mechelle Ellis-Henry was charged with the misdemeanor offense of driving while her license was suspended or invalid, enhanced by an allegation of a previous conviction for the same offense. *See* Tex. Transp. Code § 521.457(a)(2), (f)(1). A jury convicted Ellis-Henry of the charged offense and assessed punishment at confinement in the Caldwell County Jail for 90 days and a $250.00 fine. At sentencing, the court ordered Ellis-Henry to pay court-appointed attorneys' fees in the amount of $1,004.20.[1] In one issue, Ellis-Henry contends that the court erred by assessing attorneys' fees against her because she had been found indigent at the outset of the case, and the State presented no evidence that her financial circumstances had changed. The State concedes error. We will modify the judgment and, as modified, affirm it.

---

[1] The written judgment of conviction does not include an order that Ellis-Henry pay any court-appointed attorneys' fees. However, when a conflict exists between the oral pronouncement and the written judgment, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

Ellis-Henry was found indigent at the outset of the case and counsel was appointed to represent her. The procedure for ordering formerly indigent defendants to pay attorneys' fees for court-appointed counsel is set forth in article 26.05(g) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 26.05(g). Pursuant to this article, once a defendant is declared indigent, a trial court may order a defendant to pay for the costs of "legal services provided" only if it determines that the "defendant has financial resources that enable him to offset in part or in whole the costs." *Id.* A defendant who has previously been found indigent is presumed to remain indigent unless there is a "material change" in her financial status and, in the absence of any indication in the record that her financial status has in fact changed, the trial court may not impose attorneys' fees. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Thus, a trial court may assess attorneys' fees against a formerly indigent defendant only when it makes a finding that the defendant's financial status has in fact changed. *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013). Absent such a finding or any other evidence in the record indicating a change in financial status, the evidence is insufficient to support imposition of attorneys' fees. *Id.* A defendant may challenge the sufficiency of the evidence of her changed financial resources and ability to pay for the first time on appeal. *See Mayer*, 309 S.W.3d at 556.

Ellis-Henry was found indigent at the outset of the case and counsel was appointed to represent her on September 17, 2012. The record does not contain any evidence that Ellis-Henry's financial condition changed between that date and the date she was ordered to pay attorneys' fees. The trial court made no findings on the record indicating that Ellis-Henry's financial status had changed such that she was able to offset in whole or in part the costs of the legal services provided

to her.  The trial court erred by ordering Ellis-Henry to pay court-appointed attorneys' fees.  We sustain Ellis-Henry's sole appellate issue.

## CONCLUSION

Having sustained Ellis-Henry's sole appellate issue, we modify the trial court's judgment to delete the order that Ellis-Henry pay $1,004.20 for court-appointed attorneys' fees.  As modified, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Modified and, as Modified, Affirmed

Filed:   June 16, 2015

Do Not Publish