

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,760-01

## EX PARTE DYLAN TAYLOR, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 67515 IN THE 23RD DISTRICT COURT
## FROM BRAZORIA COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of having a prohibited item in a correctional facility and sentenced to two years' imprisonment. He did not appeal his conviction.

The oral pronouncement of this sentence included a cumulation order as required by statute. TEX. CODE CRIM. PRO. Art. 42.08(b). However, the original judgment did not include that cumulation order. A nunc pro tunc was signed adding the cumulation order. Applicant contends that the judgment nunc pro tunc entered in this cause is improper because it was signed after he had

discharged the sentence.

On September 16, 2015, this Court remanded this application to the trial court for findings of fact and conclusions of law. On September 23, 2015, the trial court sent this Court a letter stating that he believed the judgment nunc pro tunc should be set aside and this sentence should be deemed discharged.

When there is a discrepancy between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Applicant was serving the underlying aggravated assault conviction when the judgment nunc pro tunc was signed. He did not start serving this sentence until the assault conviction ceased to operate.

Applicant is not entitled to relief. Based on this Court's independent review of the entire record, we deny relief.


Filed: October 28, 2015
Do not publish