**Remand; Opinion Filed June 29, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01442-CR

**ROY EDWARD BRADY JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-45806-Y**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Stoddart

Roy Edward Brady, Jr appeals his conviction for burglary of a building. In two issues, appellant contends the trial court's judgment should be modified to show his back-time credit. We remand the case to the trial court to determine appellant's back-time credit.

Appellant waived a jury, pleaded guilty to burglary of a building, and pleaded true to two enhancement paragraphs. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Pursuant to a plea agreement, the trial court deferred adjudicating guilt, placed appellant on five years' community supervision, and assessed a $1,500 fine. The State later moved to adjudicate guilt, alleging appellant violated the terms of his community supervision. Appellant pleaded true to the allegations in a hearing on the motion. The trial court found the allegations true, adjudicated appellant guilty, and assessed punishment at four years' imprisonment.

Appellant contends the judgment adjudicating guilt should be modified to show he was awarded back-time credit and to list the exact dates credited. Because the trial court orally pronounced that he would receive back-time credit, appellant contends the written judgment's statement that he was not to receive back-time credit is erroneous. The State agrees the judgment should be modified to award the back-time credit, but it asserts the case should be remanded to the trial court to determine the exact dates for the back-time credit.

The record shows the trial court orally pronounced that appellant would receive "back time credit for all the time you served on this case." The judgment adjudicating guilt, however, does not recite any dates for the back-time credit and includes the statement "defendant is not credited with backtime per judge." When a variation between the oral pronouncement of the sentence and the written memorialization of the sentence exists, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). However, there is nothing in the record that shows the total back-time credit to be awarded.

We also note the judgment adjudicating guilt contains several errors. The judgment erroneously states the degree of the offense is "3rd degree felony." Burglary of a building is a state-jail felony offense. *See* TEX. PENAL CODE ANN. §§ 12.35, 30.02(c)(1) (West 2011 & Supp. 2015). Additionally, the judgment does not accurately reflect the pleas and findings on the enhancement paragraphs. Appellant entered pleas of true to two enhancement paragraphs alleging prior convictions. For the purpose of elevating the punishment from that for a state jail felony to that for a third degree felony, the trial court found both enhancement paragraphs true and sentenced appellant to four years' imprisonment.

We order the trial court to issue an amended judgment adjudicating guilt that reflects the proper degree for the offense, the plea and findings to the first and second enhancement paragraphs, and the correct back-time credit.

We remand the case to the trial court to determine the back-time credit to be awarded.


/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151442F.U05