**MODIFY and AFFIRM; and Opinion Filed July 31, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01289-CR

### ADRIAN JERMAINE GASKIN, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 066812**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Schenck

Adrian Jermaine Gaskin, Jr appeals his conviction, following adjudication of his guilt, for aggravated robbery. In a single issue, appellant contends the trial court's written judgment adjudicating guilt improperly includes a fine that was not orally pronounced at sentencing. We modify the trial court's judgment adjudicating guilt and affirm as modified.

Appellant waived a jury and pleaded guilty, pursuant to a plea agreement, to aggravated robbery. The trial court deferred adjudicating appellant's guilt, placed him on six years' community supervision, and assessed a $500 fine. The State later moved to adjudicate guilt, alleging appellant violated ten different conditions of his community supervision. Appellant pleaded not true to the allegations in a hearing on the motion. The trial court found eight of the violations true and two not true. The trial court granted the State's motion, adjudicated appellant guilty, and sentenced him to forty years' imprisonment. The trial court's judgment reflects the forty year sentence and includes a $500 fine.

On appeal, appellant asks this Court to modify the judgment adjudicating guilt to delete the fine because the judge did not orally pronounce it as part of the sentence. The State agrees the fine was not orally pronounced at sentencing and should be deleted from the judgment.

When an accused receives deferred adjudication, no sentence is imposed. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine. *Id.*; s*ee* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2016). In this case, appellant was not sentenced until his guilt was adjudicated, at which time the order granting appellant deferred adjudication was set aside. Because the trial judge did not orally pronounce a fine when he adjudicated appellant's guilt, it was improper to include a fine within the written judgment. We sustain appellant's sole issue.

When a variation exists between the oral pronouncement of the sentence and the written memorialization of the sentence, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500 ; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Because the $500 fine was not orally pronounced when appellant was adjudicated guilty, we modify the judgment to delete the fine. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.). As modified, we affirm the trial court's judgment adjudicating guilt.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

161289F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ADRIAN JERMAINE GASKIN, JR.,
Appellant

No. 05-16-01289-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 066812.
Opinion delivered by Justice Schenck.
Justices Francis and Brown participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "$0."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 31st day of July, 2017.