

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00133-CR

_____

JIMMY WAYNE CARR, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27815

_____

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

After Jimmy Wayne Carr was found competent to stand trial by David Bell, Ph.D., he was found guilty by the trial court of possession of child pornography and was sentenced to ten years' imprisonment.[1] This case was tried with eleven companion cases, which are the subject of other appeals pending before this Court. Carr filed a single, consolidated brief covering eleven of the appeals, in which he contends that, since Bell's qualifications do not appear in his report, there was insufficient evidence to find him competent to stand trial.

The argument raised in this appeal is based exclusively on the argument brought before this Court in the companion appeal styled *Carr v. State*, cause number 06-19-00126-CR. In our opinion of this date disposing of that appeal, we found that Carr did not preserve his sole issue for appeal. For the reasons set out in that opinion, we overrule Carr's sole issue as it applies to this appeal.

Nevertheless, we find, sua sponte, that the trial court's judgment requires modification. We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise the issue. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act *sua sponte* and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *see French*, 830 S.W.2d at 609.

---

[1]*See* TEX. PENAL CODE ANN. § 43.26(a), (d).

In this case, the judgment of conviction recites that "THIS SENTENCE SHALL RUN: CONSECUTIVELY." However, when the trial court pronounced the sentences in six of the cases consolidated for trial, including this one, he stated, "All of those sentences will run concurrently." When the oral pronouncement of a sentence varies from the written memorialization of that sentence contained in the written judgment of conviction, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

Where there is nonreversible error, we have the authority to modify judgments and affirm as modified. *Walker v. State*, 557 S.W.3d 678, 690 (Tex. App.—Texarkana 2018, pet. ref'd). We modify the trial court's judgment by changing "THIS SENTENCE SHALL RUN: CONSECUTIVELY" to "THIS SENTENCE SHALL RUN: CONCURRENTLY."

For the reasons stated, we modify the trial court's judgment by changing "THIS SENTENCE SHALL RUN: CONSECUTIVELY" to "THIS SENTENCE SHALL RUN: CONCURRENTLY." As modified, we affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:     December 30, 2019
Date Decided:       January 9, 2020

Do Not Publish