**Opinion filed September 3, 2020**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-19-00400-CR & 11-19-00401-CR

_____

## CHESTER ARTHER HALL JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR48153 & CR49744**

## M E M O R A N D U M   O P I N I O N

Appellant, Chester Arther Hall Jr., originally pleaded guilty to the state jail felony offense of possession of marihuana (cause no. CR48153) and the third-degree felony offense of possession of a controlled substance, cocaine, (cause no. CR49744). In each cause, the trial court deferred a finding of guilt, placed Appellant on community supervision for four years, and assessed a fine of $500. The State subsequently filed a motion to revoke Appellant's community supervision

and proceed with an adjudication of guilt in each cause. The trial court held a hearing on the State's motions to adjudicate, found the State's allegations to be true, revoked Appellant's community supervision, and adjudicated Appellant guilty of the charged offenses. The trial court assessed Appellant's punishment in cause no. CR48153 at confinement in a state jail facility for twelve months. In cause no. CR49744, the trial court assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of four years. We modify and affirm.

*Analysis*

In his sole issue in each appeal, Appellant complains of the inclusion of a $500 fine in the bill of cost. In cause no. CR49744, he additionally complains of the inclusion of $1,800 in attorney's fees in the bill of cost. We note that the judgments revoking Appellant's community supervision and adjudicating his guilt contain language requiring Appellant to pay "all unpaid court costs, attorney fees, supervision fees, and all court costs and attorney's fees associated with the prosecution of the State's motion to revoke." We also note that the complained-of $500 fines and the $1,800 in attorney's fees were included in the trial court's orders to withdraw funds from Appellant's inmate trust account and that Appellant has asked this court to reform those orders.

The State has filed a brief in each appeal in which it concedes that Appellant is correct and that it was error for the bill of cost in CR48153 and CR49744 to include a fine of $500. When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, the trial court did not mention a fine for either offense. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2019); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral

pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any fine when it orally pronounced Appellant's sentences and because we have the necessary information for reformation in both causes before this court, we modify the trial court's judgments, the orders to withdraw funds, and the bills of cost to delete the assessment of any fine in these causes. *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*, No. 11-14-00363-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (mem. op., not designated for publication).

Second, in CR49744, the State concedes that it was also error to require Appellant to pay the fees of his court-appointed attorney. We agree. Appellant was determined to be indigent, and there is nothing in the record to indicate that he is no longer indigent or that the trial court made any determination that Appellant had financial resources to pay for the costs of his court-appointed attorney. *See* CRIM. PROC. art. 26.05(g). When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We therefore modify the judgment of the trial court, the order to withdraw funds, and the bill of cost to delete any requirement that Appellant pay $1,800 for court-appointed attorney's fees. *See id.*

### This Court's Ruling

We sustain Appellant's sole issue in these appeals. In cause no. CR48153, we modify the judgment of the trial court, the order to withdraw funds, and the bill of cost to delete the assessment of the $500 fine; the amount of the fine shall be $0.00,

which would leave costs remaining due from Appellant at $536.50. In cause no. CR49744, we modify the judgment of the trial court, the order to withdraw funds, and the bill of cost to delete the assessment of the fine in the amount of $500 and the imposition of court-appointed attorney's fees in the amount of $1,800; the amount of each shall be $0.00, which would leave costs remaining due from Appellant at $630.50. As modified, we affirm the judgments of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

September 3, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.