

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00110-CR

JACOB WAYNE WILSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29791

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

In his sole point of error on appeal, Jacob Wayne Wilson seeks modification of the trial court's judgment revoking his community supervision by changing the fine from $500.00 to $400.00. Because this point of error lacks merit, we affirm the trial court's judgment.

### I. Background

After having been charged with possession of a controlled substance, Wilson entered into a plea agreement with the State whereby he would be sentenced to two years' incarceration suspended in favor of four years' community supervision. Wilson also agreed to pay a $400.00 fine. The trial court accepted the plea agreement, sentenced Wilson, and suspended the sentence and the fine in accordance with the agreement.[1]

Later, the State filed a motion to revoke Wilson's community supervision. Wilson pled true to the motion and was sentenced to twenty months' incarceration. The judgment of revocation did not impose a fine.[2]

### II. Wilson's Sole Point of Error is Without Merit

On appeal, Wilson complains that the trial court abused its discretion by assessing a $500.00 fine in the revocation judgment because the original fine imposed was $400.00. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998) (fine imposed at original plea proceeding is appropriately included in revocation judgment). Although the trial court originally

---

[1]The judgment incorrectly stated that the terms of the plea agreement included a $500.00 fine; however, the judgment *imposed* a $400.00 fine.

[2]The judgment incorrectly listed the "Original Punishment Assessed" as two years' incarceration probated for four years and a $500.00 fine.

imposed a $400.00 fine and could have appropriately included that fine in the revocation judgment, it chose not to impose any fine. We, therefore, conclude that Wilson's sole point of error lacks merit.

## III.     Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     October 9, 2023
Date Decided:       October 12, 2023

Do Not Publish