In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00212-CR
_____


GARY LACHOTY MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 07-00560

_____

**MEMORANDUM OPINION**

In this appeal, counsel for the appellant filed a brief stating that there are no arguable points of error that would allow the appellant, Gary Lachoty Moore, to obtain relief from his conviction. After reviewing the record, we conclude that no arguable issues support Moore's appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In carrying out a plea bargain agreement, Moore pled guilty to felony theft. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2013).[1] Under the terms of Moore's plea agreement, the trial court deferred the adjudication of Moore's guilt, placed Moore on community supervision for ten years, and assessed a fine of $1,500.

Subsequently, by motion, the State asked the trial court to revoke its community supervision order and to find Moore guilty of felony theft. After a hearing, the trial court found that Moore violated two of the terms of its deferred adjudication order, found that Moore was guilty of felony theft, and the trial court then sentenced Moore to nineteen years in prison.

On appeal, Moore's counsel filed a brief presenting counsel's professional evaluation of the record; in the brief, Moore's counsel concludes that Moore's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Moore to file a *pro se* brief. Moore filed a *pro se* brief in response.

After reviewing the appellate record, we agree with counsel's conclusion that no arguable issues support Moore's appeal. Consequently, we need not order

---

[1]We cite to the current version of the statute as the subsequent amendments do not affect the outcome of this appeal.

the appointment of new counsel to re-brief Moore's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, the State points out the trial court's judgment contains a clerical error, noting that page two of the judgment appears to order the payment of a fine even though the trial court did not orally pronounce a fine when it imposed Moore's sentence. The transcript from the sentencing portion of Moore's hearing does not reflect the trial court pronounced a fine when it assessed Moore's sentence of nineteen years in prison.

Page one of the judgment reflects that Moore was sentenced to nineteen years in prison and that he was assessed $712 in administrative fees and $610 in court costs. However, the second page of the judgment contains a section reciting what the trial court ordered when it placed Moore on community supervision; in that part of the judgment, the judgment states that the "Court assessed a fine of $**1,500.00**[.]" Then, in a section of the judgment that appears after the trial court grants the State's motion to adjudicate guilt, the judgment states: "The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above."

The order stating the defendant is to pay a fine "indicated above" creates an ambiguity regarding whether the trial court's final judgment includes a fine;

3

nevertheless, construing the language as including a fine appears to be a proper construction of the judgment. The State agrees the judgment includes a fine.

A fine must be orally pronounced during sentencing for the fine to be included as an enforceable provision in the judgment. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls."). Because the trial court did not orally pronounce a fine when it sentenced Moore, the fine should not have been included in the final written judgment. Because the fine is not enforceable, it must be deleted from the judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004).

Because the trial court failed to orally pronounce a fine at the sentencing hearing, we order the language in the written judgment stating that the defendant was required to pay "all fines" or stating that the defendant was required to pay "any remaining unpaid fines[]" to be deleted. We amend the language on the second page of the written judgment ordering the defendant to pay "all fines" to read: "The Court ORDERS Defendant to pay all court costs and restitution as indicated above." We also amend the language on the second page of the written judgment ordering the defendant to pay "any remaining unpaid fines[]" to read:

4

"Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining court costs and restitution as ordered by the Court above."

Nevertheless, the clerical errors we have ordered corrected do not raise arguable issues concerning Moore's guilt or his sentence of nineteen years in prison. Because Moore cannot raise arguable issues supporting an appeal with respect to his guilt or his prison sentence, we affirm the trial court's judgment, as modified.[2]

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on November 27, 2013
Opinion Delivered January 22, 2014
Do Not Publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

---

[2]Moore may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.