In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00255-CR
NO. 09-14-00256-CR

_____

**WENDELL JOSEPH OWENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 12-15353 and 12-15354**

**MEMORANDUM OPINION**

Under plea bargain agreements, appellant Wendell Joseph Owens[1] pleaded guilty in Trial Cause No. 12-15353 and Trial Cause No. 12-15354 to the state jail felony offense of driving while intoxicated with a passenger under the age of fifteen. In both cause numbers, the trial court found the evidence sufficient to

[1]On the judgments from which he appeals, Owens is identified as "Wendell Joseph Owens AKA Joseph AKA Lawrence AKA Wendell Joseph Owens[.]"

1

substantiate Owens's guilt and entered a judgment in each cause number sentencing Owens to confinement in the state jail for two years, probated over five years, and assessed a $500 fine. The sentences were to run concurrently.

The State later filed a Motion to Revoke in each case and Owens pleaded "true" to three alleged violations of the terms of his community supervision. The trial court granted the motions to revoke. In each case, the trial court sentenced Owens to two years in state jail, to be served concurrently.

Owens's appellate counsel filed briefs that presents counsel's professional evaluation of the records and concludes Owens's appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Owens to file *pro se* briefs, but we received no response from Owens. We have determined that Owens's appeals are wholly frivolous. We have independently examined the clerk's records, and we agree that no arguable issues support the appeals. We find it unnecessary to order appointment of new counsel to re-brief the appeals. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, we note that the wording of the judgments create ambiguity regarding whether the trial court intended the judgments to include a fine. On page one of each judgment, the trial court indicates that the original punishment assessed included a $500 fine. Below that notation on

each judgment, the trial court notes the punishment on revocation but does not indicate a fine was assessed. On page two of each of the judgments, the trial court selected the option that states that upon defendant's release from confinement, the defendant is ordered "to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above." In order for the trial court to include a fine in each of the written judgments, the fine must also be orally pronounced during sentencing. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls.").

The State filed a letter in which it concedes that in each case no fine was orally pronounced, and that page two of each of the judgments references a fine but page one does not, and the State requests that we modify the judgment in each case to delete the fine. Because the trial court did not orally pronounce a fine when it sentenced Owens in each case, the trial court erred in including the fines on page two of the written judgments. Therefore the fines must be deleted from the judgments. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). The language on page two of the written judgments stating that Owens was required to pay "any remaining unpaid fines" should be deleted. *See Alexander v. State*, 301

S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (affirming trial court's judgment as modified where judgment included payment of restitution that was not orally pronounced). We affirm the trial court's judgments in Trial Cause No. 12-15353 and Trial Cause No. 12-15354 as modified.[2]

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on October 13, 2014
Opinion Delivered November 5, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

_____

[2]Owens may challenge our decision by filing petitions for discretionary review. *See* Tex. R. App. P. 68.