**Precious Elaine McCOY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–01–00810–CR.**

Court of Appeals of Texas,
Dallas.

July 31, 2002.

William M. Ashe II, Dallas, for Appellant.

William T. (Bill) Hill, Jr., John R. Rolater, Jr., Dallas, for State.

Before Justices WHITTINGTON, JAMES, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Precious Elaine McCoy appeals her conviction for aggravated assault with a deadly weapon. Appellant entered a negotiated guilty plea to the charge. The trial court, following the plea bargain, deferred adjudicating appellant's guilt and placed her on five years' community supervision. Subsequently, the State filed a motion to proceed with an adjudication of guilt. After a hearing, the trial court adjudicated appellant's guilt and assessed punishment at five years' imprisonment.

In two issues, appellant contends the trial court's judgment includes a $500 fine that was not orally pronounced and incorrectly recites the trial judge's findings regarding which conditions of community supervision appellant violated. Appellant requests this Court reform the judgment to delete the fine and properly recite the trial judge's findings concerning appellant's community supervision violations. We agree with appellant that the judgment contains errors. Accordingly, we modify the trial court's judgment and, as modified, affirm.

In her first issue, appellant contends the judgment contains a $500 fine that was not orally pronounced when the trial court adjudicated her guilt. Appellant relies, in part, on *Coffey v. State,* 979 S.W.2d 326, 328 (Tex.Crim.App.1998), and *Abron v. State,* 997 S.W.2d 281, 282 (Tex. App.-Dallas 1998, pet. ref'd), to support her contention.

In *Coffey,* the trial court imposed a fine on the defendant when it assessed a probated term of imprisonment. *Coffey,* 979 S.W.2d at 327. When the trial court subsequently revoked Coffey's probation, it did not restate the fine. *Id.* However, the

court's written judgment included the fine. *Id.* The court of criminal appeals held that when there is a variance between the oral pronouncement of sentence and its written memorialization, the oral pronouncement controls. *Id.* at 328. In applying this holding to Coffey, the court concluded the fine was pronounced when Coffey's term of confinement was probated. *Id.* at 329. Therefore, the trial court did not have to restate the fine for it to be included in the written judgment.

In *Abron,* the trial court adjudicated the guilt of a defendant who had previously been on deferred adjudication community supervision. *Abron,* 997 S.W.2d at 281. The trial court had assessed a $2,000 fine as a condition of community supervision but did not pronounce the fine when it sentenced Abron after adjudicating his guilt. *Id.* The written judgment included the $2,000 fine. *Id.* We reasoned that, because deferring adjudication did not impose a "sentence," the fine imposed as a condition of deferred adjudication community supervision was not part of the sentence ultimately assessed against Abron. *Id.* at 282. We modified the trial court's judgment to delete the fine. *Id.*

The State contends that *Abron* does not apply to this case because it did not involve a plea bargain for deferred adjudication or a probated fine. *See id.* at 281. The State asserts that *Coffey* controls this case and, because the trial court did not probate the fine when it deferred adjudicating appellant's guilt, the fine was properly included in the judgment. The State correctly points out that, in *Abron,* we relied on the court of criminal appeals' decision in *Davis v. State* for the proposition that when an accused receives deferred adjudication, there is no "sentence" imposed. *Id.* at 282; *see also Davis v. State,* 968 S.W.2d 368, 371 (Tex.Crim.App. 1998). The State contends *Coffey* over-

ruled *Davis* by holding the fine imposed at the original trial proceeding carried over to the judgment rendered at the subsequently held revocation proceeding. We disagree.

■ We conclude *Abron*'s holding is still sound. The code of criminal procedure states that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence ... continue as if the adjudication of guilt had not been deferred." Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2002). Thus, once a trial court adjudicates a defendant's guilt after previously deferring adjudication, the *entire* range of punishment is open to the court. *See Von Schounmacher v. State,* 5 S.W.3d 221, 223 (Tex.Crim.App.1999); *Ramirez v. State,* 36 S.W.3d 660, 667 (Tex.App.-Waco 2001, pet. ref'd); *Weed v. State,* 891 S.W.2d 22, 24 (Tex.App.-Fort Worth 1995, no pet.). By adjudicating guilt, the trial court supplants its previous order deferring adjudication of guilt and imposing community supervision. The order adjudicating appellant's guilt in this case specifically "set aside" the order deferring adjudication. Therefore, there was no longer a fine imposed on appellant as a result of the deferred adjudication order and, as stated previously, the entire punishment range for appellant's offense was open to the trial court. This differs from the revocation of a probated sentence, where a previously announced sentence is imposed by the trial court; any fine assessed at the time the sentence was probated need not be re-pronounced. *See Coffey,* 979 S.W.2d at 329.

In this case, after the trial court adjudicated appellant's guilt, it pronounced a sentence that did not include a fine. Because the trial court did not pronounce a fine after it adjudicated appellant guilty and because no fine could "carry over" to the judgment adjudicating guilt, the trial

court erred when it included a fine in its written judgment. We resolve appellant's first issue in her favor.

In her second issue, appellant complains the trial court's written judgment does not correctly reflect which community supervision conditions the trial court found she had violated and that the judgment references the wrong motion to adjudicate guilt. Appellant contends the trial court stated at the adjudication hearing that appellant had violated conditions (b), (d), (j), (l), (o), and (p) of her community supervision as alleged in the State's March 15, 2001 motion to adjudicate guilt, not the allegations in the State's September 28, 2000 motion to adjudicate guilt as stated in the judgment. Appellant requests this Court modify the judgment to reflect the correct motion to adjudicate and which conditions of community supervision the trial court found she violated. The State has no objection to appellant's request.

Before the trial court adjudicated appellant's guilt, the State filed three motions to proceed with an adjudication of guilt. Two of the motions, one filed December 3, 1999 and the other filed September 28, 2000, were withdrawn by the State. The third motion, filed March 15, 2001, was the motion at issue in this case. Following a hearing, the trial court found appellant had violated conditions (b), (d), (j), (l), (o), and (p). However, the trial court's written judgment incorrectly reflects the adjudication hearing proceeded on the September 28, 2000 motion to adjudicate and that the court found appellant had violated the conditions of her community supervision as set out in that motion.

■ We have the power to modify an incorrect judgment when we have the necessary data and information to do so. TEX. R.APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993); *Asberry v. State,* 813 S.W.2d 526, 529–30

(Tex.App.-Dallas 1991, pet. ref'd). Here, the record shows the trial court did not assess a fine as a part of appellant's sentence. The judgment also incorrectly recites which community supervision conditions the trial court found appellant had violated. Accordingly, we resolve appellant's issues in her favor and modify the trial court's judgment to (1) delete the $500 fine; and (2) delete the phrases "see attached motion to adjudicate" and "September 28, 2000 motion to adjudicate guilt" and substitute "(b), (d), (j), (l), (o), and (p)" and "March 5, 2001 motion to adjudicate guilt," respectively, in their places. As modified, we affirm the trial court's judgment.