11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Roderick Simons

Appellant

Vs.                   Nos.
11-01-00378-CR and 11-01-00379-CR -- Appeals from Dallas County

State of Texas

Appellee

 

The jury
convicted Roderick Simons of murder, and the trial court assessed his
punishment at confinement for 50 years.[1]  After the punishment hearing in that case,
the trial court granted the State=s motion to adjudicate guilt in an earlier case, adjudicated appellant
guilty of aggravated robbery, and assessed his punishment at confinement for 25
years and a $750 fine.[2]  We modify and affirm.

                                                                  Issues
Presented

Appellant
filed one brief for both appeals, raising two issues for appellate review.  First, he argues that the trial court erred
in the aggravated robbery case by including a $750 fine in its written judgment
because the fine was not included when the trial court orally pronounced a
sentence of 25 years imprisonment. 
Then, appellant argues that the trial court erred in the murder case by
not declaring a mistrial when one of the jurors, after the jury was impaneled,
approached the bench and stated that he did not Afeel like@ he
should serve on the jury.

                                                                   The
$750 Fine

After the
jury returned its verdict that appellant was guilty of murder, the trial court
accepted appellant=s plea
of Atrue@ to the allegation of one prior felony offense and assessed the
punishment in Cause No. F01-00588-SP at confinement for 50 years.  At the conclusion of that proceeding and before
appellant and the attorneys were excused from the courtroom, the reporter=s record shows the following proceedings:

THE COURT:
Now, we still have the probation violation. 
Any argument?  He plead true to
it, to at least portions of it.  Any
argument on that?

 

[DEFENSE
COUNSEL]: Judge, we would ask the Court to consider to have the sentence of the
murder case and the probation case run concurrently.

 

THE COURT:
Yes, I=ll do that. 
Any argument on the probation violation?

 

[PROSECUTOR]:
Your Honor, just procedurally [the State would] ask the Court to take judicial
notice of the contents of the entire court=s file.

 

[DEFENSE
COUNSEL]: And we have no objection to that.

 

THE COURT:
Yes, I=ll judicially notice all matters in the file,
and I=ll hear any arguments or testimony on the
probation violation.

 

                                                            *   *  
*

 

THE COURT:
It=s the Order, Judgment, Decree of the Court
you be taken by the Sheriff of Dallas County, by him safely kept, turned over
to an authorized receiving agent of the Department of Corrections, where you
will be confined in Cause No. F93-25662, where you will serve a sentence of
twenty-five years beginning today, [and with credit for] any time you=ve got in jail, and it will be concurrent
with the murder conviction.  (Emphasis
added)

 

The first
issue for appellate review is sustained. 
The judgment of the trial court in Cause No. F93-25662-IP, 203rd
District Court of Dallas County (our Cause No. 11-0100379-CR) is modified to
eliminate the fine.  We agree with the
Dallas Court of Appeals=s holding on the identical issue in Abron v. State, 997 S.W.2d 281, 282
(Tex.App. - Dallas 1998, pet=n ref=d):

Where a conflict exists between the oral
pronouncement and [the judgment], the oral pronouncement controls.  The record shows the trial court did not
assess a fine as part of appellant=s sentence following adjudication of guilt.  We have the power to modify incorrect judgments when the
necessary data and information is available to do so.  See TEX.R.APP.P. 43.2(b). 
(Citation omitted)

 

See also McCoy v. State, 81 S.W.3d 917
(Tex.App. - Dallas 2002, pet=n filed).

 

 








                                                               The
Reluctant Juror

After the
voir dire examination of the jury panel, the trial court called the names of
the  jurors who were chosen,
administered their oath, and gave them preliminary instructions.  When the court recessed for the day, the
record shows that one of the jurors approached the bench.  Relevant portions of the reporter=s record read as shown:

THE COURT:
What=s your problem?

 

JUROR: I
don=t think I can serve.  I never had an opportunity to express
myself.  I don=t feel like that I can serve from what I=ve heard so far.

 

THE COURT:
The jury is gone.  I want the lawyers to
hear what you=ve got to say.  Go ahead and speak up so we can all hear you.

 

JUROR: I
just feel like I=ve built a bias as far as just hearing the
case to this point, you know, just from the way the prosecution is presented
compared to the way - -

 

THE COURT:
You=ve developed a bias.

 

JUROR: I
think that I have and I don=t know, it=s hard
for me to come up here and say that, but there was never an opportunity when we
were talking about everything to say that really.  I wasn=t
going to say oh, I couldn=t give somebody ninety-nine years sentence or understand motive.  There was no issue I could really pinpoint
and say I=ve got a problem with that or that.

 

THE COURT:
You=re saying you=ve developed a bias.  Towards
whom?  Who is your bias towards?

 

JUROR: I
don=t think that=s relevant.

 

THE COURT:
Well, if you=re not biased toward the Defendant or biased
toward the State - - 

 

JUROR: I=m definitely biased towards one because I can
see kind of where the case is going, kind of what the Defense is going to be,
what the prosecution is going to be. 
That=s just - -

 

THE COURT:
Well, you haven=t heard any testimony yet.

 

JUROR: I
can just tell you the way I feel and it=s probably not right, but I didn=t think it would be fair to the Court for me to sit over there.








THE COURT: I can=t let you go now.  You=re
asking me to let you go and I can=t do it.

 

JUROR: Then you=re probably going to have a juror that
already has a tendency.

 

[DEFENSE COUNSEL]: Could
we find out what his tendency is?

 

[PROSECUTOR]: Objection,
Your Honor, to the Defense attorney even talking to him right now.

 

THE COURT: He=s been sworn as a member of the Jury, and I
wish you would have said something earlier.

 

JUROR: It=s awkward....

 

THE COURT: Well, you=re a member of the Jury and I=m just going to ask you to keep an open mind
and listen to the testimony, listen to the lawyers and do the best you
can.  That=s all I can tell you now.  We=ll see you in the morning.

 

Before
testimony began the next morning, the trial court gave both sides an
opportunity to move for mistrial. 
Appellant=s attorney said: AHaving consulted with our client, Your Honor,
the client wants to proceed with the trial.@  The jury then came into the
courtroom, and the State called its first witness.

The State cites Brown v. State, 907 S.W.2d 835, 839
(Tex.Cr.App.1995), where the court discusses a problem similar to the one
before us:

Despite a trial judge=s discretion in declaring a mistrial based on
manifest necessity, the trial judge is required to consider and rule out Aless drastic alternatives@ prior to granting a mistrial.  Thus, prior to granting a mistrial based on
manifest necessity, the trial judge must review the alternative courses of
action and choose the one, which, in light of all the circumstances, best
preserves the defendant=s Aright to have his trial completed before a
particular tribunal.@  Where a trial judge grants a mistrial
despite the available option of less drastic alternatives there is no manifest
necessity and we will find an abuse of discretion.  (Citations omitted)

 








In the
case before us, the trial court gave appellant the opportunity to move for
mistrial before the first witness was called. 
Appellant wanted to proceed to trial before the jury which had been
selected.  We hold that the trial court
did not err in proceeding with trial. 
Further, any claim of error was waived by appellant=s refusal to file a motion for mistrial.  See TEX.R.APP.P. 33.1.  The second issue for appellate review is
overruled.

                                                                This
Court=s Ruling

The
judgment of the trial court in Cause No. 11-01-00378-CR is affirmed.  The judgment of the trial court in Cause No.
11-01-00379-CR is modified to delete the fine and, as modified, is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

November 21, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[3]











[1]Cause No. F01-00588-SP in the 203rd District Court of
Dallas County (our Cause No. 11-01-00378-CR).





[2]Cause No. F93-25662-IP in the 203rd District Court of
Dallas County (our Cause No. 11-01-00379-CR).





[3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.