NO.
12-06-00305-CR

NO. 12-06-00306-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

LUIS ALBERTO-VARONA
BLAS,            §          APPEAL FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Luis Alberto-Varona Blas appeals his
convictions for intoxication assault and “accident involving injury or death.”  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  We affirm
the judgment of conviction in the intoxication assault case (appellate cause
number 12-06-00305-CR).  After conducting
our own review, we abate the “accident involving injury or death” case
(appellate cause number 12-06-00306-CR) and remand for the appointment of new
counsel. 

 

Background

            In
two separate indictments, Appellant was charged with intoxication assault[1]
and “accident involving injury or death,”[2]








 more commonly referred to as failure to stop
and render aid.  The intoxication assault
indictment also alleged that Appellant used or exhibited a deadly weapon, to
wit: a motor vehicle, during the commission of or immediate flight from the offense.
Intoxication assault is a third degree felony, punishable by imprisonment for
not less than two years or more than ten years and, in addition, a fine not to
exceed $10,000.[3]  Accident
involving injury or death is punishable by imprisonment for not more than five
years or confinement in the county jail for not more than one year, a fine not
to exceed $5,000, or both.[4] 

            At
a hearing on June 5, 2006, Appellant entered a plea of guilty to each of the
offenses charged.  In both cases,
Appellant and his counsel signed an acknowledgment of admonishments, a waiver
of trial by jury, a sworn waiver of confrontation and agreement to stipulate,
an agreement to stipulate testimony, and a judicial confession in which
Appellant swore that all allegations pleaded in both indictments were
true.  The trial court adjudged Appellant
guilty of both offenses.  After a
combined sentencing hearing on June 22, the court assessed Appellant’s
punishment at ten years of imprisonment for intoxication assault and five years
of imprisonment for accident involving injury or death.  The terms of imprisonment are to be served
concurrently.  This appeal followed. 

Analysis
pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible

error and that there is no error upon
which an appeal can be predicated.  From
our review of counsel’s brief, it is apparent that he is well acquainted with
the facts in these cases.  In compliance
with Anders, Gainous, and High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel’s brief presents a
chronological summation of the procedural history of the case and further
states that counsel is unable to raise any meritorious issues for appeal.  As required by Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s counsel has moved for
leave to withdraw.  We carried the motion
for consideration with the merits of the appeal.[5]








            We
have reviewed the portion of the record pertinent to Appellant’s intoxication
assault conviction and have found no reversible error.

            After
reviewing the portion of the record pertinent to Appellant’s conviction for
accident involving injury or death, we conclude the record contains at least
one arguable issue for appeal.  The
indictment states that the date of the offense was July 4, 2003.  Appellant stipulated in his judicial
confession that the date of the offense was July 4, 2003.  However, the judgment states that the date of
the offense was July 4, 2004.  We have
the power to modify or reform an incorrect judgment to make the record speak
the truth when we have the necessary data and information to do so.  See Tex.
R. App. P. 43.2(b); McCoy v. State, 81 S.W.3d 917, 920
(Tex. App.–Dallas 2002, pet. ref’d); Asberry v. State, 813 S.W.2d
526, 529 (Tex. App.–Dallas 1991, pet. ref’d). 
However, in this case, we cannot resolve the conflict in the dates.  Both cases were called at the same plea
hearing and sentencing hearing. 
Therefore, the record of each hearing relates to both cases.  The arguments of counsel and the recitations
by the trial court indicate that the incident made the basis of both offenses
occurred within a period of no more than several hours.  However, there is nothing in the record that
assists us in determining which of the two dates–July 4, 2003 or July 4, 2004–is  correct. 
Thus, we conclude that this discrepancy creates an arguable issue for
appeal.  See Bledsoe v.
State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). 

 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits of the appeal.  Appellant’s
counsel’s motion for leave to withdraw in both cases is hereby granted.  Having found no reversible error, the trial
court’s judgment in Appellant’s conviction for intoxication assault is affirmed.


            We
abate our cause number 12-06-00306-CR and remand
the case to the trial court.  We order
the trial court to appoint new counsel to represent Appellant, review the
record, and file a brief on the merits for Appellant.  See Guerrero v. State, 64
S.W.3d 436, 441 (Tex. App.–Waco 2001, no pet.) (citing Penson v. Ohio,
488 U.S. 75, 83-84, 109 S. Ct. 346, 351-52, 102 L. Ed.2d 300, 310-11
(1988)).  We further order
the trial court to cause the clerk of the court to immediately forward to this
court a certified copy of the order appointing new counsel.  Appellant’s brief will be due thirty days
after the trial court makes the appointment. 
The State’s brief will be due thirty days after Appellant’s brief is
filed. 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered March 30, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Tex.
Pen. Code Ann. § 49.07 (Vernon 2003).





[2] Tex. Transp. Code Ann. § 550.021(a)
(Vernon 1999).





[3] Tex. Pen. Code Ann. § 12.34 (Vernon
2003)





[4] Tex. Transp. Code Ann. § 550.021(c)
(Vernon 1999).





[5] Counsel for Appellant certified that he
provided Appellant with a copy of his brief and that Appellant was given time
to file his own brief in this cause. The time for filing such a brief has
expired and we have received no pro se brief.