**Affirmed as Modified and Opinion Filed September 11, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01027-CR

**ANGELA KAY TAYLOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-55645-Q**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

Angela Kay Taylor waived a jury, pleaded guilty to aggravated assault with a deadly weapon, and pleaded true to one enhancement paragraph.[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). After finding appellant guilty and the enhancement paragraph true, the trial court assessed punishment at ten years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978).

---

[1] Appellant also has three separate appeals in which counsel filed briefs raising issues on the merits. Those appeals are docketed as cause nos. 05-13-10128-CR, 05-13-01029-CR, and 05-13-01030-CR.

Counsel delivered a copy of the brief to appellant. *See Kelly v. State*, 2014 WL 2865901 (Tex. Crim. App. June 25, 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Appellant filed a pro se response raising several issues  After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We find nothing in the record that might arguably support the appeal.

Although not arguable issues, we note there are several errors in the trial court's judgment.  First, the judgment incorrectly states the sentence is five years' imprisonment. However, the trial judge orally pronounced punishment at ten years' imprisonment.  When a variation between the oral pronouncement of the sentence and the written memorialization of the sentence exists, the oral pronouncement controls.  *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998); *see also McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd).

Second, the judgment incorrectly recites there were terms of a plea bargain agreement. The record shows appellant entered an open guilty plea.  The record further shows appellant pleaded true to one enhancement paragraph and the trial  court found the enhancement true.  The judgment, however, incorrectly states there was no plea to the first enhancement paragraph and no finding on the first enhancement paragraph.

We may modify the trial court's judgment to show: (1) there are no plea bargain terms, (2) the plea to the first enhancement paragraph is true, (3) the finding on the first enhancement paragraph is true, and (4) the punishment and place of confinement is "10 years Institutional Division, TDCJ."  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.

Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet.

ref'd).

As modified, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
131027F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANGELA KAY TAYLOR, Appellant

No. 05-13-01027-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-55645-Q).
Opinion delivered by Chief Justice Wright, Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Plea to 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Findings on 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Punishment and Place of Confinement" is modified to show "10 Years Institutional Division, TDCJ."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered September 11, 2014

–4–