**AFFIRMED as Modified; Opinion Filed February 26, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00642-CR

**WAYNE EDWARD GREER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-61170-S**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

Wayne Edward Greer appeals following the adjudication of his guilt for aggravated assault with a deadly weapon. In a single issue, appellant contends the trial court's judgment should be modified to delete the fine. The State agrees the fine should be deleted from the judgment. We modify the trial court's judgment adjudicating guilt and affirm as modified,

Appellant waived a jury and pleaded guilty to aggravated assault with a deadly weapon, a firearm. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). The trial court deferred adjudicating guilt, placed appellant on three years' community supervision, and assessed a $1,000 fine. The State later moved to adjudicate guilt, alleging appellant violated several

conditions of his community supervision. Following a hearing, the trial court found the allegations true, adjudicated appellant guilty of aggravated assault with a deadly weapon, and assessed punishment at ten years' imprisonment. The trial judge specifically stated there would be no fine assessed. The trial court's judgment, however, incorrectly includes a fine that was not orally pronounced.

When a variation between the oral pronouncement of the sentence and the written memorialization of the sentence exists, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998); *see also McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd). We sustain appellant's sole issue.

We note that the judgment also states appellant pleaded true to the allegations in the motion to adjudicate, but the record shows he pleaded not true. We modify the judgment adjudicating guilt to delete the fine and to show appellant pleaded not true to the motion to adjudicate. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment adjudicating guilt.


/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140642F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WAYNE EDWARD GREER, Appellant

No. 05-14-00642-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-61170-S).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True."

The section entitled "Fine" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered February 26, 2015.