PETITIONER VS. STATE OF TEXAS    CAUSE No. F10-57354-S    IN THE COURT OF CRIMINAL

KEVIN LAMONT GARDEN    APPEALS OF TEXAS

THE COURT OF DALLAS COUNTY, TEXAS - 282nd JUDICIAL DISTRICT COURT

AND THE COURT OF APPEALS FOR

5TH JUDICIAL DISTRICT TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 29 2015
Abel Acosta, Clerk

FILED IN

COURT OF CRIMINAL APPEALS ON CAUSE No. 05-13-01507-CE

510·15

JUL 02 2015
Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS.

_____, PETITIONS THE COURT TO REVIEW THE JUDGMENT

AFFIRMING HIS CONVICTION FOR AGGRAVATED ROBBERY WITH A DEADLY

WEAPON IN CAUSE NUMBER F10-57354-S

ORIGINAL

STATEMENT REGARDING ORAL ARGUMENT

THE GROUNDS FOR REVIEW SET FORTH IN THIS PETITION CONCERNS

THE CONFLICTING OPINIONS OF DIFFERENT COURTS OF APPEALS ON THE

SAME POINT OF LAW, AND ORAL ARGUMENT WOULD BE HELPFUL IS

HEREBY WAIVED BY THE PRO SE DEFENDANT

STATEMENT OF THE CASE

THE PETITIONER WAS CONVICTED FOR AGGRAVATED ROBBERY WITH A

DEADLY WEAPON IN CAUSE NUMBER F10-57354-S AND WHICH HE WAS

PLACE ON SEVEN(7) YEARS DEFERRED ADJUDICATION PROBATION, AND

WAS FINALLY SENTENCED TO IMPRISONMENT FOR A PERIOD OF (12)

YEARS AFTER PLEAING TRUE TO PROBATION VIOLATIONS. CONFINE-

MENT TO THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, THIS CON-

VICTION WAS AFFIRMED BY THE COURT OF APPEALS FOR THE 5TH DISTRICT

ON OCT. 30 2013.

STATEMENT OF PROCEDURAL HISTORY

THE COURT OF APPEALS RENDERED IT DECISION AFFIRMING PETI-

TIONER'S CONVICTION ON APRIL 3, 2015. NO MOTION FOR REHEARING

WAS FILED BY PETITIONER AND THE DECISION OF THE COURT OF APPEALS

BECAME ITS FINAL RULING ON APRIL 3, 2015. THIS PETITION WAS THEN

WITH THE CLERK OF THE COURT OF APPEALS WITHIN (30) THIRTY DAYS

AFTER SUCH FINAL RULING, TO WIT ON JULY 2, 2015 AFTER BEING

GRANTED DAYS EXTENDING.

## Ground For Review

Their ~~Two~~ (1) Grounds attach to this Petition for Discre-
tionary Review to be Review.

## Reason For Review

Their to Memorandum Opinion Per Curiam attach as to
be seen and reviewed.

## Pray For Relief

For the reason herein alleged, the Petitioner was denied
a Fair Trial and Representation By Lawyer in Cause Number
F10-57354-S. Therefore, Petitioner Prays this Court Grants this
Petition, and upon Reviewing the Judgment Enter Below Reverse
this Cause and Remand it for a New Trial and/or Sentencing
Hearing.

Respectfully Submitted,

Kevin Lamont Gladden
#1892440
Bradshaw Unit
P.O. Box 9000
Henderson, Texas

## Certificate of Service

This is to Certify that Copy of the above entitled and
Numbered Petition for Review have been sent to the Court of
Criminal Appeals, By Mail, By Depositing same, Postpaid under
the Care and Custody of the United States Postal Service
on the 24th Day of June, 2015.

**GROUND ONE:**

APPLICANT CONTENDS THAT HIS TRIAL FIRST Counsel L. PATRICK DAVIS CONTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAIL APPLICANT BY GIVING HIM INCORRECT LEGAL ADVICE, TO THE FACT OF THE SUFFICIENT OF EVIDENCE.

**FACTS SUPPORTING GROUND ONE:**

THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARATEED BY THE SIXTH AMENDMENT. THE RIGHT OF REPRESENTION IS APPLICABLE TO THE DEFENDENT THROUGH THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT. APPLICANT CHALLENGE THE FACT THAT HIS COUNSEL L. PATRICK DAVIS FAIL TO ADVICE KEVIN LAMONT GARDEN ABOUT THE EVIDENCE WHICH WAS INSUFFICIENT, THAT COULD HAVE LEAD TO KEVIN LAMONT GARDEN BEING A FREE MAN FROM THE AGG. ROBBERY WITH A DEADLY WEAPON INSTEAD THE ADVICE OF HIS COUNSEL MR. DAVIS TO TAKING SEVEN (7) DEFERRED ADJUDICATION PROBATION WAS APPLICANT BEST OPTION IN HIS CASE FOR THE BEST.

Rev. 01 14 14

KLG.

Lack of correct legal advice about the true facts of the evidence the lack that would have cause the charges to be dismiss in a trial so Counsel's representation fell below an objective standard of reasonableness.

KLG.

TO THE HONORABLE JUDGE OF THE
COURT OF CRIMINAL APPEALS:

COME NOW KEVIN LAMONT GARDEN, PETITONER AND FILES THIS
MOTION FOR A WRIT OF PETITON FOR DISCRETIONARY REVIEW MOTION
AND TO SHOW THE COURTS THE FOLLOWING:

## GROUND ONE

APPLICANT CONTENDS THAT HIS FIRST COUNSEL L. PATRICK DAIVS
CONTITUED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAIL APP-
LICANT BY GIVING HIM INCORRECT LEGAL ADVICE AND/OR WITHHELD
THE SUFFICIENT OF THE FACTS OF THE EVIDENCE. HE NEVER REQUESTED
TO WITHDRAW FROM THE CASE, AND/OR ABANDON THE APPLICANT KEVIN LAMONT
GARDEN'S CASE WITHHELD ON NOTICE TO THE COURTS OR HIM.

## ARGUEMENT AND AUTHORITIES

THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARATEED BY THE
SIXTH AMENDMENT THE RIGHT OF REPRESENTION IS APPLICABLE TO
THE DEFENDENT THROUGH THE DUE PROCESS CLAUDE OF THE FOURTEENTH
AMENDMENT SEE: CUYLER V. SULLIVAN 446 US. 335, 344, 100 S.Ct. 1708
64 L. ED 2d. 333 (1980). AND LISEN BA Y. CALIFORNIA 314 U.S. 219, 236-
37 62 S.Ct. 280, 289-90/66 (1941). GENERALLY IN DETERMINENG THE EFF-
ECTIVENESS OF COUNSEL THE CORT SHOULD UTILIZE THE TWO PRONG
TEST OF STRICKLAND V. WASHINGTON 466 U.S. 668 104 S.Ct 2052, 80
L. Ed 26 674 (1984). [UNDER STRICKLAND V. WASHINGTON 466 U.S.
AT] 687 104 S.Ct. 2052 TO PREVAL ON AN INEFFECTIVE ASSISTANCE
OF COUNSEL'S REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD
OF REASONABLENESS. SECOND THAT HIS DEFILIENT PREFORMANCE PREJUDIED
THE DEFENSURE. WHEN THE DEFENDANT WAS GIVING INCORRECT LEGAL
ADVICE AND THE SUFFICIENT OF THE EVIDENCE ALSO TO UNDERSTAND
THE COURTS PROCEEDING AND THE LAWS, LAWYER PROVIDED HIM EFF-
ECTIVE ASSISTANCE, HE MUST DEMONSTRATE THAT (1) HIS COUNSEL'S

1 OF 3

ADVICE WAS NOT "WITHIN THE RANGE OF COMPETENCE DEMANDED OF ATTORNEYS IN CRIMINAL CASES." HILL V. LOCKHART, 474 U.S. 52, 56 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985) (QUOTING McMANN V. RICHARDSON, 397 U.S. 759, 771, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970). AND (2) "THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S ERRORS, HE WOULD NOT HAVE PLEADED GUILTY TO SEVEN (7) YEARS OF PROBATION AND WOULD HAVE INSISTED ON GOING TO TRIAL." Id. AT 59. IN OTHER WORDS, THE TWO-PART STANDARD FROM STRICKLAND V. WASHINGTON, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), APPLIES TO A COLLATERAL ATTACK ON THE VOLUNTARY AND INTELLIGENT NATURE OF A GUILTY PLEA ON SIXTH AMENDMENT GROUNDS. SEE, UNITED STATES V. HORNE, 300 U.S. APP. DC. 189 987 F. 2d 833, 835 (DC. CIR). Cert. DENIED, 126 L. Ed. 2d 115, 144 S. Ct. 153 (1993); UNITED STATES V. LOUGHERY, 285 U.S. APP. D.C. 255, 908 F. 2d 1014, 1018 (D.C. CIR. 1990); UNITED STATES V. DEL ROSARIO, 284 U.S. APP. DC 90, 902 F. 2d 55, 57 (DC CIR CERT. DENIED 498 U.S. 942 (1990). THE DISTRICT COURT'S FINDINGS OF FACT IN THE "COLLATERAL PROCEEDING ARE REVIEWED UNDER THE DEFERENTIAL "CLEARLY ERRONEOUS" STANDARD. DEL ROSARIO, 902 F. 2d AT 58. THE FIRST PRONG OF HILL V. LOCK HART IS AN INQUIRY INTO WHETHER COUNSEL'S ADVICE FELL BELOW AN OBJECTIVE MINIMUM THRESHOLD OF COMPETENCE. 474 U.S. AT 57 (CITING) STRICKLAND, 466 U.S. AT (687-88). BECAUSE THE RECORD IN 70 F. 3d. 1319 THE INSTANT CASE OF TRIAL COUNSEL'S INCORRECT LEGAL ADVICE IS MANIFEST, EFFORTS TO SALVAGE THE SITUATION AT THE EVIDENTIARY HEARD BY ELICITING TRIAL COUNSEL INTENDED ADVICE WOULD ELIMINATE THE PREJUDICIAL DEFICIENCY. EVEN THE CONDUCT OF DEFENSE COUNSEL AT PLEADING

2 OF 3

HEARING WAS UNREASONABLE, DEFENDANT SUFFERED SUFFICIENT PREJUDICE TO WARRANT SETTING ASIDE HIS AGGRAVATED (12) YEARS SENTENCE BECAUSE GIVEN OF THE EVIDENCE KNOWLEAGE WOULD HAVE CHANGED THE CONCLUSION THAT THE CIRCUMSTANCES OUTWEIGHED MITIGATING CIRCUMSTANCES AND HENCE SENTENCE IMPOSED. THERE WAS NOT NO EVIDICE SHOWN TO MR. KEVON LAMONT GORDEN COUNSEL WITHHELD THAT FROM APPLIANT AND WHICH IT WOULD HAVE GIVE ME TIME TO THINK THING OVER TO PUSH FOR TRIAL. REFLECTED HIS JUDGMENT THAT IT WAS ADVISABLE TO RELY ON THE THE PLEA COLLOQULY FOR EVIDENCE AS TO SUCH MATTER. THAT COUNSEL HAD RENDERED INEFFECTIVE ASSISTANCE AT COURT'S HEARINGS, THERE IS A "REASONABLE PROBABILITY", WHICH IS A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME, THAT BUT FOR COUNSEL'S UNPROFESSIONAL ERROR RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT.

Kevin Gardon
PRO SE DEFENDANT

**MODIFY and AFFIRM; and Opinion Filed April 3, 2015.**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

No. 05-13-01507-CR

_____

**KEVIN LAMONT GARDEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-57354-S**

**MEMORANDUM OPINION**

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

Kevin Lamont Garden appeals his conviction, following the adjudication of his guilt, for aggravated robbery with a deadly weapon. In a single issue, appellant contends the trial court's judgment should be modified to delete the fine. The State agrees the fine should be deleted from the judgment. We modify the trial court's judgment adjudicating guilt and affirm as modified.

Appellant waived a jury and pleaded guilty to aggravated robbery with a deadly weapon, a firearm. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). The trial court deferred adjudicating guilt, placed appellant on seven years' community supervision, and assessed a $2,500 fine. The State later moved to adjudicate guilt, alleging appellant violated several

conditions of his community supervision. Following a hearing at which appellant pleaded true to the allegations, the trial court adjudicated appellant guilty of aggravated robbery with a deadly weapon and assessed punishment at twelve years' imprisonment. The trial judge did not orally pronounce a fine. The trial court's judgment adjudicating guilt, however, includes a $2,500 fine.

When a variation between the oral pronouncement of the sentence and the written memorialization of the sentence exists, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998); *see also McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd). We sustain appellant's sole issue. We modify the judgment adjudicating guilt to delete the fine. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment adjudicating guilt.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131507F.U05

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEVIN LAMONT GARDEN, Appellant

No. 05-13-01507-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-57354-S).
Opinion delivered by Justice Schenck,
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered April 3, 2015.