**MODIFY and AFFIRM; and Opinion Filed December 1, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00336-CR

**ANDREW MERCER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F12-30995-I**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

Andrew Mercer appeals his conviction, following the adjudication of his guilt, for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). The trial court assessed punishment at ten years' imprisonment. On appeal, appellant's attorney filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment incorrectly reflects there was a plea bargain agreement. The record shows appellant entered an open plea of true to six allegations recited in the motion to adjudicate. Accordingly, on our own motion, we modify the section of the judgment entitled "terms of plea bargain" to state "open." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Further, the trial court's judgment incorrectly includes a $2,500 fine that was assessed, but expressly probated, when appellant was initially placed on deferred community supervision. Following a hearing on the State's motion to adjudicate guilt, the trial court found appellant guilty, adjudicated his guilt, and sentenced him to ten years' imprisonment. The trial court did not orally pronounce a fine. When a variation exists between the oral pronouncement of the sentence and the written memorialization of the sentence, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *see also McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd). We modify the judgment to delete the $2,500 fine. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

As modified, we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
Do Not Publish                    JUSTICE
TEX. R. APP. P. 47

160336F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANDREW MERCER, Appellant

No. 05-16-00336-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F12-30995-I.
Opinion delivered by Justice Fillmore.
Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Fine" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 1st day of December, 2016.