**Affirmed as Modified; Opinion Filed May 24, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00518-CR

**AGEAK M. CHOL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-30952-T**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Myers

A jury convicted Ageak M. Chol of indecency with a child by sexual contact. *See* TEX.

PENAL CODE ANN. § 21.11(a). The jury assessed punishment at fourteen years' imprisonment and

a $2000 fine. On appeal, appellant's attorney filed a brief in which he concludes the appeal is

wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386

U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect,

there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim.

App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel

delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response,

but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App.

2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment incorrectly omits a $2000 fine. The record shows the jury assessed a $2000 fine, and the trial court orally pronounced the fine at sentencing. When a variation exists between the oral pronouncement of the sentence and the written memorialization of the sentence, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *see also McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd). Accordingly, on our own motion, we modify the section of the judgment entitled "fine" to show "$2000." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Further, appellant was convicted of indecency with a child by sexual contact, an offense that is subject to the sex offender registration requirements of Chapter 62 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A). The judgment erroneously states the sex offender registration requirements do not apply and that the age of the victim at the time of the offense is "N/A." On our own motion, we modify the judgment to show that sex offender registration requirements apply and the victim's age was thirteen years at the time of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051; TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

As modified, we affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
180518F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AGEAK M CHOL, Appellant

No. 05-18-00518-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-30952-T.
Opinion delivered by Justice Myers.
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Fine" is modified to show $2000."

The section entitled "Sex Offender Registration Requirements" is modified to show "Sex Offender Registration Requirements do apply to the Defendant. The age of the victim at the time of the offense was 13 years."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 24th day of May, 2019.