

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00290-CR

_____

SHENONOVICH SORE LYONSSCOTT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1577986

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Shenonovich Sore Lyonsscott appeals from the trial court's judgment revoking his community supervision. In two points, he contends that the fine and restitution assessed in the judgment should be deleted because they were not orally pronounced by the trial court at the revocation hearing. Because the record reflects that the fine and restitution obligation were imposed at Lyonsscott's original plea proceeding, we will affirm.

## II. BACKGROUND

In February 2019, Lyonsscott was indicted for the third-degree felony offense of driving while intoxicated, third or more. *See* Tex. Penal Code Ann. § 49.09(b)(2). In March 2019, he pleaded guilty pursuant to a plea bargain and was placed on community supervision for a period of ten years.[1] As part of the plea bargain, the judgment of conviction imposed a $1,000.00 fine and a $550.00 restitution obligation.

In July 2023, the State filed its Second Amended Petition to Revoke Community Supervision in which it alleged that Lyonsscott had violated the terms of his community supervision by (1) committing another felony driving-while-intoxicated offense in July 2023, (2) failing to successfully complete the Substance Abuse Felony

---

[1]The judgment reflected that Lyonsscott was sentenced to ten years' confinement but that this sentence was suspended and that he would instead be placed on community supervision for this ten-year period as long as he did not violate the applicable terms and conditions.

Punishment Facility (SAFPF) aftercare program, and (3) failing to successfully complete the SAFPF re-entry court program.

In August 2024, the trial court held a hearing on the State's petition to revoke Lyonsscott's community supervision. Lyonsscott pleaded "true" to all three allegations. Based on these pleas, the trial court found the allegations to be true and sentenced Lyonsscott to eight years' confinement. The judgment revoking Lyonscott's community supervision ordered him to pay a fine of $847.20 and restitution in the amount of $220.00.[2] This appeal followed.

## III. DISCUSSION

In two points, Lyonsscott contends that the fine and restitution assessed in the judgment revoking his community supervision should be deleted because they were not orally pronounced by the trial court at the revocation hearing. We disagree.

Restitution and fines are punitive in nature and therefore must be included in the oral pronouncement of a defendant's sentence. *See Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018); *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009); *see also* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (providing that "sentence shall be pronounced in the defendant's presence"). When there is a conflict

---

[2]As discussed below, the fine and restitution obligation were not probated, and Lyonsscott's community-supervision conditions required him to make payments towards these obligations. The fine and restitution amounts reflected in the judgment revoking his community supervision appear to be the outstanding balances Lyonsscott owed after crediting the amounts that he had paid during his community-supervision period.

between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

But in the probation-revocation context, the trial court need not orally pronounce a fine at the revocation hearing if it was originally imposed in the defendant's presence when he pleaded guilty and was placed on probation. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). Thus, if the record demonstrates that a fine was imposed (and not probated) when the trial court assessed punishment at a defendant's plea proceeding, then that fine may be appropriately included in the written judgment revoking probation even if the trial court did not orally pronounce it at the revocation hearing.[3] *See id.*

Here, the 2019 judgment of conviction imposed both a $1,000.00 fine and a $555.00 restitution payment and explicitly stated that the fine was "[n]ot [s]uspended." The plea agreement, which was signed by Lyonsscott and his attorney, reflected the $1,000.00 fine and the $550.00 restitution obligation. And the community-supervision conditions, which Lyonsscott also signed, required him to pay the restitution

---

[3]We note that this rule applies only to cases (like this one) involving "straight" or "regular" probation—i.e., cases in which the trial court adjudicates the defendant guilty and imposes a sentence but suspends it—not to cases involving deferred-adjudication probation. *See Taylor*, 131 S.W.3d at 502; *January v. State*, No. 13-23-00247-CR, 2024 WL 1451223, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 4, 2024, no pet.) (mem. op., not designated for publication). "[W]hen a defendant is placed on deferred-adjudication community supervision which is later revoked, any fine assessed at the original plea hearing must be re-pronounced at the time of adjudication." *January*, 2024 WL 1451223, at *3; *see Taylor*, 131 S.W.3d at 502; *McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd).

obligation at the rate of $10.00 per month and to pay the $1,000.00 fine pursuant to a "[p]ayment schedule to be determined by the District Clerk of Tarrant County, Texas."

Because the record reflects that the non-probated fine and restitution obligation were imposed at Lyonsscott's original plea proceeding, the trial court properly included their remaining balances in its judgment revoking his community supervision even though it did not orally re-pronounce them at the revocation hearing. *See Coffey*, 979 S.W.2d at 329; *January*, 2024 WL 1451223, at *3; *Jones v. State*, No. 06-21-00048-CR, 2021 WL 4780221, at *2 (Tex. App.—Texarkana Oct. 14, 2021, no pet.) (mem. op., not designated for publication).

Accordingly, we overrule both of Lyonsscott's points.

## IV. CONCLUSION

Having overruled both of Lyonsscott's points, we affirm the trial court's judgment revoking his community supervision.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 10, 2025

5