

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-25-00217-CR

Roy Rodriguez **REYNA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR1322
Honorable Jennifer Peña, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:       Irene Rios, Justice
               Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice

Delivered and Filed: October 22, 2025

AFFIRMED AS MODIFIED

Appellant Roy Rodriguez Reyna appeals the trial court's judgment revoking his community supervision. On appeal, Reyna contends the judgment revoking his community supervision improperly includes fines that were orally pronounced during Reyna's initial plea hearing but were probated and not orally repronounced during his revocation hearing. The State concedes error and asks this court to modify the judgment to reflect the proper judgment.

Accordingly, we modify the judgment revoking community supervision to reflect the correct fine and affirm the trial's judgment as modified.

Reyna was charged with possession of a controlled substance in an amount of one gram or more but less than four grams. Reyna pled no contest to the charge. The trial court assessed punishment at ten years' confinement and a fine of $2,000. The trial court suspended the ten-year sentence and $1,000 of the fine and placed Reyna on community supervision for three years. The trial court also assessed $325 in court costs.

On August 13, 2024, the State filed a motion to revoke Reyna's community supervision. At the revocation hearing, Reyna pled true to a violation of one of the conditions of community supervision. Pursuant to an agreement between Reyna and the State, the trial court revoked Reyna's community supervision and reformed the original sentence to three years' confinement. The trial court's oral pronouncement at the revocation hearing did not include a fine.

The trial court's judgment revoking community supervision assesses punishment at three years' confinement, a fine of $0, and court costs of $2,325. The judgment revoking community supervision also noted the original $1,000 fine that was not probated. The bill of costs shows $325 in properly assessed court costs and a $2,000 general fine from the sentence assessed in the original plea hearing. On appeal, Reyna argues the $2,325 court costs improperly includes the $2,000 fine previously assessed at Reyna's original plea hearing. The State concedes error, and we agree the trial court erred by including this $2,000 fine in its assessment of court costs in the judgment revoking community supervision.

"When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). However, when a defendant's sentence is suspended and the defendant

is placed on regular community supervision, as opposed to deferred adjudication community supervision, the trial court is not required to orally pronounce a non-probated fine at the revocation hearing if it was originally imposed in the defendant's presence when the defendant pleaded guilty and was placed on probation. *Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998); *McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd); *see also Lyonsscott v. State*, No. 02-24-00290-CR, 2025 WL 1085198, at *2 (Tex. App.—Fort Worth Apr. 10, 2025, pet. ref'd). Any non-probated fine pronounced at the original plea hearing is properly part of the final written judgment, even if it is not orally pronounced again at the revocation hearing. *Coffey*, 979 S.W.2d at 329; *McCoy*, 81 S.W.3d at 919–920; *January v. State*, Nos. 13-23-00247-CR, 13-23-00248-CR, 13-23-00249-CR, 13-23-00250-CR, 13-23-00251-CR, 13-23-00252-CR, 2024 WL 1451223, at *3 (Tex. App.—Corpus Christ–Edinburg Apr. 4, 2024, no pet.).

Here, the trial court's oral pronouncement in the original plea hearing probated $1,000 of the $2,000 fine and left the remaining $1,000 fine intact. Because the trail court suspended the sentence and placed Reyna on regular community supervision, as opposed to deferred adjudication community supervision, the non-probated $1,000 fine pronounced at the original plea hearing may be properly included in the trial court's written judgment revoking community supervision. *See id.* However, the State concedes the $2,325 in court costs assessed by the trial court in its judgment revoking community supervision improperly includes the entire $2,000 fine originally imposed in the plea hearing, but not orally pronounced at the revocation hearing.

"The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). Therefore, we reform the trial court's judgment to reflect the trial court's oral pronouncements by deleting the $2,000 fine from

the assessment of court costs. The judgment revoking community supervision is modified to reflect court costs in the amount of $325. The trial court orally pronounced a $1,000 non-probated fine in the original plea hearing and that fine "may be included in the judgment revoking probation even though the fine was not re-pronounced at the revocation hearing." *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). Accordingly, the trial court's judgment is modified to reflect the non-probated $1,000 fine orally pronounced in the original plea hearing. All other aspects of the trial court's judgment revoking community supervision remain unchanged and the judgment is affirmed as modified.

Irene Rios, Justice