**Opinion filed February 27, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00121-CR

_____

## RUSSELL W. HOPE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 485th District Court**
**Tarrant County, Texas[1]**
**Trial Court Cause No. 1739565**

## M E M O R A N D U M   O P I N I O N

Appellant, Russell W. Hope, was charged by indictment with the third-degree

felony offense of driving while intoxicated, which was further enhanced by two prior

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2024). We decide this case in accordance with the precedent of the Second Court of Appeals under the principles of stare decisis. TEX. R. APP. P. 41.3.

felony convictions. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 49.04(a), 49.09(b)(2) (West 2019 & Supp. 2024). Due to Appellant's habitual offender status, he faced a punishment range of imprisonment for twenty-five years to life. *See id*. § 12.42(d). Appellant pleaded guilty in exchange for the State's waiver of one enhancement allegation, which reduced the punishment range to two to twenty years in prison; there was no agreement between the parties regarding a recommended sentence. *See id*. § 12.42(a). The trial court accepted Appellant's guilty plea and ordered a presentence investigation report (PSI) to be prepared.[2] At the sentencing hearing, the State relied solely on the PSI as punishment evidence. Appellant testified, then presented the testimony of three witnesses. Appellant attested that he was "as honest as [he] could be" during his presentence investigation interview, "[took] full responsibility" for his actions, and asked the trial court to place him on probation. Upon the conclusion of the hearing, the trial court assessed Appellant's punishment at imprisonment for seven years in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for

---

[2]Appellant waived his right to have a court reporter transcribe the proceedings during which he entered his guilty plea. Accordingly, there is no court reporter's record of the plea hearing in the appellate record. *See* TEX. R. APP. P. 13.1.

2

discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. 738; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and agree that the appeal is without merit.[3]

However, the judgment contains a nonreversible error requiring modification. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that the Texas Rules of Appellate Procedure empower courts of appeals to reform judgments); *see also Rhodes v. State*, 676 S.W.3d 228, 235 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (collecting cases). The trial court was required to pronounce the sentence, including a fine, in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2024); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Here, the trial court did not orally pronounce a fine at sentencing, but the judgment orders Appellant to pay a $100 fine. When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998). Because the trial court did not assess a fine as part of Appellant's sentence, we have the necessary information for reformation. We therefore modify the trial court's judgment to delete the $100 fine. *See Taylor*, 131 S.W.3d at 502.

---

[3]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.


JOHN M. BAILEY

CHIEF JUSTICE


February 27, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.